**Jose GOENAGA, Plaintiff,**

v.

**MARCH OF DIMES BIRTH DEFECTS FOUNDATION, Defendant.**

No. 93 Civ. 7646 (VLB).

United States District Court,
S.D. New York.

Aug. 17, 1994.

Jeffrey Bernbach, New York City, for plaintiff.

Gregory B. Nokes, Tracy C. Missett, Cummings & Lockwood, Stamford, CT, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This employment discrimination case brought under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, involves a claim that discretionary severance pay provided to plaintiff was less than that provided to others. By memorandum order dated August 3, 1994 summary judgment was granted to defendant on the ground that there was no basis for inferring that disparate severance payments were influenced by plaintiff's Hispanic ethnicity. Plaintiff has moved for reconsideration; the motion is granted and upon reconsideration the decision rendered in the August 3, 1994 memorandum order is reaffirmed for the reasons set forth in that memorandum order and for the further reasons described below.

### II

■ One of the essential criteria for a potential finding of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, is that it must be possible to draw an inference from a plaintiff's evidence that invidious discrimination of one of the types prohibited by the statute took place. *Taggart v. Time, Inc.,* 924 F.2d 43, 46 (2d Cir.1991); *Montana v. First Federal Savings & Loan Ass'n,* 869 F.2d 100, 104 (2d Cir.1989); *Oey v. Delta Airlines,* 1994 WL 24658, 1994 U.S.Dist. LEXIS 670 (S.D.N.Y. January 24, 1994), *aff'd without opinion* # 94–7204 (2d Cir. August 12, 1994).

■ "A plaintiff opposing ... a motion [for summary judgment] must produce sufficient evidence to support a rational finding that ... more likely than not [illegal discrimination] was the real reason for" the unfavorable decision by the employer. *Woroski v. Nashuha Corp.,* 31 F.3d 105, —— (2d Cir. 1994), Slip Op. 6141, 6149 (age discrimination case).

■ Unless there is evidence of animus (absent here), it is difficult to infer a motive for invidious discrimination in severance pay, involving an employee who is leaving the workplace in any event and will have few if any dealings with the employer in the future.

It is undisputed that plaintiff worked for the defendant employer for 31 years, rose to a managerial position as Director of Operations and was released solely for financial reasons. Were the employer acting in a discriminatory manner contrary to Title VII, it would be most implausible that such an animus would not manifest itself during a long and successful career with the employer such as that enjoyed by plaintiff here, but would appear for the first time in connection with severance pay. No incentive for discrimination in allocating such pay—which would have no specific impact on ongoing operations of the employer—is evident or has been suggested.

Where a claim is "implausible ... [the claimant] must come forward with more persuasive evidence to support [the] claim than would otherwise be necessary." *Matsushita*

*Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Plaintiff argues that the some of the employer's explanations for awards of severance pay to various employees in widely differing circumstances are not consistent with each other or with good personnel management. Failure to establish consistent, logical reasons subject to 20–20 hindsight for all of the numerous differences in severance pay awarded to varied employees in variegated circumstances does not in itself support an inference of discrimination. *St. Mary's Honor Center v. Hicks,* —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Paperwork support for each employer action is not required by the antidiscrimination laws, absent some reason for inferring discrimination. See *Watson v. Ft. Worth Bank & Trust Co.,* 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988); *Oey, supra; Christiana v. Metropolitan Life,* 839 F.Supp. 248 (S.D.N.Y.1993).

SO ORDERED.