**FIRST HANOVER SECURITIES, INC., Plaintiffs,**

v.

**SULCUS COMPUTER CORPORATION and John W. Ryba, Defendants.**

**No. 94 Civ. 2808 (PKL).**

United States District Court, S.D. New York.

Jan. 3, 1995.

William J. McSherry, Jr., Battle Fowler, L.L.P., New York City.

Gerald D. Fischer, Opton Handler Gottlieb Feiler Landau & Hirsch, New York City.

### MEMORANDUM ORDER

LEISURE, District Judge:

This action alleges breach of contract, common-law fraud and securities fraud. Plaintiff is First Hanover Securities, Inc. ("First Hanover"), a Delaware corporation with its principal place of business in New York, New York. Defendants are Sulcus Computer Corporation ("Sulcus") and John W. Ryba ("Ryba"). Sulcus is a Pennsylvania corporation with its principal place of business in Greenberg, Pennsylvania. Ryba is Sulcus' general counsel and is a citizen of Pennsylvania. First Hanover alleges that the amount in controversy exceeds $50,000 exclusive of interest and costs. This Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

First Hanover alleges breach of contract against Sulcus only, and alleges common-law fraud and securities fraud against Ryba as well as Sulcus. Ryba has moved to dismiss the common-law fraud and securities fraud claims for lack of personal jurisdiction. Sulcus has moved to dismiss, or for summary judgment, on the merits of the common-law fraud and securities fraud claims. For the reasons stated below, the Court grants summary judgment for Sulcus and Ryba on the merits of First Hanover's common-law fraud and securities fraud claims.

## BACKGROUND

On January 9, 1991, First Hanover and Sulcus entered into a stock option agreement (the "Stock Option Agreement"), pursuant to which Sulcus purported to grant First Hanover the right to purchase shares of Sulcus' common stock at a stated exercise price. *See* Complaint, Exhibit A. According to the Stock Option Agreement, First Hanover's right to purchase would terminate on January 8, 1994, subject to at least one exception: a termination by Sulcus "for cause" of First Hanover's services as a consultant to Sulcus. *Id.*

On January 5, 1994, First Hanover, through counsel, notified Sulcus that First Hanover had determined to exercise its right to purchase. However, First Hanover's counsel soon received a letter (by facsimile) from Ryba, dated January 10, 1994 (the "January 1994 Letter"), which provided in relevant part:

> Please be advised that [First Hanover's] options were cancelled due to First Hanover's failure to perform consulting services for Sulcus. Attached is a copy of the letter to First Hanover dated July 23, 1992, confirming the termination of the options.

Affidavit of William J. McSherry, Esq., Exhibit A. The letter dated July 23, 1992 that Ryba attached (the Attached Letter), however, was addressed to First Hanover at an address to which First Hanover allegedly did not move, or decide to move, until August 4, 1992. First Hanover therefore alleges that Ryba lied when he represented in the January 1994 Letter that Sulcus had cancelled the Stock Option Agreement on or before July 23, 1992. First Hanover further alleges that Ryba fabricated the Attached Letter. This alleged conduct (collectively, the "Alleged Misrepresentation") is the basis of First Hanover's common-law fraud and securities fraud claims. First Hanover also alleges that Sulcus' undisputed repudiation of its alleged contractual duty to permit First Hanover to purchase Sulcus' stock pursuant to the Stock Option Agreement constitutes a breach of contract.

## DISCUSSION

"Summary judgment may be granted if, upon reviewing the evidence in the light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Richardson v. Selsky,* 5 F.3d 616, 621 (2d Cir.1993). In deciding the motion, "the court is required to draw all factual inferences in favor of the party against whom summary judgment is sought." *Balderman v. U.S. Veterans Administration,* 870 F.2d 57, 60 (2d Cir.1989). "Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." *Cruden v. Bank of New York,* 957 F.2d 961, 975 (2d Cir.1992); *accord Taggart v. Time, Inc.,* 924 F.2d 43, 46 (2d Cir.1991).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion" and identifying the materials in the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once a motion for summary judgment is properly made and supported, however, the burden shifts to the nonmoving party to " 'set forth specific facts showing that there is a genuine issue for trial.' " *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)).

Sulcus argues that it is entitled to summary judgment on First Hanover's common-law fraud claim because there is no evidence that First Hanover relied to its detriment on the Alleged Misrepresentation. First Hanover responds that it relied on the Alleged Misrepresentation, first, by believing that it retained its right to purchase stock pursuant to the Stock Option Agreement from the date that it entered into the Stock Option Agreement, January 9, 1991, until the date that it attempted to exercise its right to purchase pursuant to the Stock Option Agreement, January 5, 1994; and, second, by accepting the Alleged Misrepresentation when Ryba made it, on or about January 10, 1994.

First Hanover's reliance arguments are each devoid of merit.[1] With respect to the first argument, First Hanover has not even begun to explain how it "relied" between January 9, 1991 and January 5, 1994 on the Alleged Misrepresentation, which was not made until January 10, 1994.[2] Similarly, with respect to First Hanover's second reliance argument, First Hanover has not identified any action that it took, or refrained from taking, and that resulted in legally cognizable harm to First Hanover, as a result of its acceptance of the Alleged Misrepresentation. But this is the crux of reliance. To be sure, First Hanover has alleged a breach of contract claim, which is premised on Sulcus' undisputed repudiation of its alleged contractual duty to permit First Hanover to purchase stock pursuant to the Stock Option Agreement; and Sulcus has not sought summary judgment with respect to that claim. However, a repudiation of an alleged contractual duty, without more, does not state a cause of action for fraud, *see, e.g., Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1176 (2d Cir.1993) ("Contractual breach, in and of itself, does not bespeak fraud, and generally does not give rise to tort damages."); *Marcella v. ARP Films, Inc.,* 778 F.2d 112, 119 (2d Cir.1985) (Oakes, J.) ("A simple failure to perform promised acts is a breach of contract, not fraud.") (citation omitted); and First Hanover has not explained how its acceptance of the allegedly false *reason* that Sulcus gave for its repudiation caused First Hanover to act, or refrain from acting, to its

detriment. Absent such an explanation, supported by admissible evidence, the trier of fact could not reasonably conclude that First Hanover relied to its detriment on the Alleged Misrepresentation. The Court therefore rejects First Hanover's reliance arguments and grants summary judgment against First Hanover on its common-law fraud claim.

Furthermore, recognizing that reliance is also an essential element of a securities fraud claim brought pursuant to Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), or Rule 10b–5, 17 C.F.R. § 240.10b–5, *see, e.g., In re Time Warner Inc. Securities Litigation,* 9 F.3d 259, 264 (2d Cir.1993) (Newman, C.J.) ("To state a cause of action under Rule 10b–5, a plaintiff must plead '. . . that plaintiff's reliance on defendant's action caused plaintiff injury.'") (citation and brackets omitted), *cert. denied sub nom., Ross v. ZVI Trading Corp. Employees Money Purchase Pension Plan,* —— U.S. ——, 114 S.Ct. 1397, 128 L.Ed.2d 70 (1994); *Burke v. Jacoby,* 981 F.2d 1372, 1378 (2d Cir.1992) (Kearse, J.) ("In order to prove a claim under § 10(b) or Rule 10b–5, a plaintiff must show . . . that the plaintiff relied on the misrepresentation or omission and suffered a loss as a result. . . .") (citation omitted), *cert. denied,* —— U.S. ——, 113 S.Ct. 2338, 124 L.Ed.2d 249 (1993), the Court grants summary judgment against First Hanover on its securities fraud claim as well.[3]

1. First Hanover acknowledges, in substance, that it did not act, or refrain from acting, in a manner that caused it legally cognizable harm, as a result of the Alleged Misrepresentation. *See, e.g.,* First Hanover's Opposition Memorandum at 15 ("At the point when the deceit was disclosed Sulcus and Ryba gave First Hanover no ability to act."); *id.* at 16 (By means of the Alleged Misrepresentation, Sulcus and Ryba "eliminat[ed] the ability of First Hanover to do anything."); *id.* at 17 (The "deceitful fait accompli manufactured by the defendants . . . gave First Hanover no room to do anything."). First Hanover's attempt to recast in a tort mold what, as described in the text below, is a straightforward breach of contract claim, seems to be motivated by the difference between the measure and character of damages that are generally available pursuant to these different theories of recovery. *See, e.g., id.* at 18 ("defendants hope to deprive First Hanover of its claim

for tort damages . . . and of [its] claim for punitive damages.").

2. The Alleged Misrepresentation is the only fraudulent conduct of which First Hanover complains. *See* Complaint ¶¶ 23–26, 28–30.

3. Although only Sulcus has formally moved for summary judgment on the merits of First Hanover's common-law fraud and securities fraud claims, Ryba is also named as a defendant on these claims, and Ryba indisputably committed the Alleged Misrepresentation. As a result, to the extent that Sulcus is entitled to summary judgment on these claims because First Hanover did not rely on the Alleged Misrepresentation to its detriment, Ryba is also entitled to summary judgment on these claims. Therefore, the Court enters summary judgment for Ryba as well as Sulcus on First Hanover's common-law fraud and securities fraud claims, and the Court need

## CONCLUSION

The Court HEREBY GRANTS summary judgment for Sulcus and Ryba on First Hanover's common-law fraud and securities fraud claims. The parties to this action shall appear before this Court on February 17, 1995 at 11:30 AM for a pre-trial conference, at which they shall be prepared to discuss what, if any, discovery remains to be completed in preparation for a trial on First Hanover's breach of contract claim.

**SO ORDERED.**

not consider Sulcus or Ryba's other arguments in support of summary judgment or dismissal of these claims.