**Thomas TAGGART, Plaintiff–Appellant,**

v.

**TIME INCORPORATED, Defendant–Appellee.**

**No. 549, Docket 90–7318.**

United States Court of Appeals, Second Circuit.

Argued Nov. 28, 1990.

Decided Jan. 24, 1991.

**44**

Thomas Taggart, New York City, pro se.

Barry G. Felder, New York City (Catherine M. McGrath, Brown Raysman & Millstein, of counsel), for defendant-appellee Time Inc.

Before OAKES, Chief Judge, CARDAMONE and McLAUGHLIN, Circuit Judges.

CARDAMONE, Circuit Judge:

This is an appeal in an age discrimination suit. It seems that often an old employee who is cashiered never has the right combination of credentials to fit into the existing openings. He or she is found to be underqualified, unable to stand pressure, difficult to work with and the like. The principal reason advanced by the employer during this litigation for refusing to hire appellant was because he was "overqualified." For those individuals in the protected age group, such a reason may often be simply a code word for too old. We think that may be the case here. Accordingly, we reverse the grant of summary judgment to the employer.

## BACKGROUND

On October 20, 1982 Preview Subscription Television Inc. (Preview), a subsidiary of Time Inc., hired appellant Thomas Taggart as a print production manager for Preview's magazine *Guide*. Appellant was

58 years old at the time, and had over 30 years experience in the printing industry. A little over six months later in May 1983 Time notified Preview employees that Preview would be dissolved and, though not guaranteed a job, the employees were told they would receive special consideration for other positions at Time. They were also entitled to receive weekly job bulletins from Time for a year after leaving and to use its personnel department to help arrange interviews at Time's other divisions.

Taggart applied for about 32 positions in various divisions at Time and its subsidiaries, including Sports Illustrated, People Magazine, Impact Center, Life, Money and Discover Magazines, HBO and Cinemax Guide. During this extended search employment counselors at Time arranged interviews and positively recommended him for several openings, but he was not offered employment. Time explains this by saying Taggart was overqualified for some positions, underqualified for others, his Preview supervisor's recommendation was not wholly positive, and he performed poorly at the interviews. Time notes, in addition, appellant submitted and resubmitted repetitive letters to the same hiring individuals, his letters and resumes for jobs requiring precise accuracy contained numerous typographical errors, he was argumentative with management and employment counselors, furnished resumes with discrepancies in dates and places worked, and received several unfavorable references from his previous employers. Moreover, because another Time print division as well as an editorial division were eliminated at about the same time as Preview's demise, employees from those divisions were also seeking priority placement at Time.

To all of this Taggart responds that several interviews were simply courtesy—as distinguished from regular—interviews, with no real intent to consider him as a serious applicant, and that the real reason he was denied a position at Time was because of his age. He notes that at least three younger Preview applicants were hired by Time for the same positions for which he applied. Taggart contends he was at least qualified—if not overqualified—for those positions and that Time hired less qualified, younger applicants. In its answering papers, Time states that no one from Taggart's particular department at Preview had been placed, regardless of their age.

Appellant filed a timely charge with the Equal Employment Opportunity Commission on May 17, 1985 and two years later, on May 13, 1987 filed a complaint in the United States District Court for the Southern District of New York (Mukasey, J.). He claimed that in failing to offer him employment, Time discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. (1985) (ADEA) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (1981) (Title VII).

In reviewing several of the jobs for which Taggart applied—and they were widely diverse, from production to advertising, purchasing, editorial, make-up, and circulation—the district court noted, as appellee Time had, that he was either unqualified or overqualified for each. Taggart conceded that no one at Time ever mentioned his age and that it was only his surmise that age was an important factor in Time's failure to offer him employment. The only facts appellant furnished to support his belief that he was a victim of age discrimination are that a mistake regarding his age was made on the 1983 Closedown List submitted in Time's response to the State Department of Human Rights—it listed Taggart's age as 61 when he was actually 59—that other younger Preview people procured employment at other departments at Time, and that younger applicants were chosen for positions for which he had applied, but for which he was not hired because he was "overqualified."

The district court granted Time's motion for summary judgment and dismissed Taggart's complaint on February 23, 1990. 1990 WL 16956 This appeal followed.

## DISCUSSION

### I

██ In reviewing a grant of summary judgment we apply the same standard as

the district court did in deciding the Rule 56 motion and determine *de novo* whether a genuine issue as to any material fact exists, and if the moving party is entitled to judgment on the merits. *See National R.R. Passenger Corp. v. City of New York,* 882 F.2d 710, 713 (2d Cir.1989). On appeal from the grant of summary judgment all inferences to be drawn from the materials submitted in the trial court are viewed in a light most favorable to the party opposing the motion. The nonmovant's allegations are taken as true and it receives the benefit of the doubt when its assertions conflict with those of the movant. *See Burtnieks v. City of New York,* 716 F.2d 982, 985–86 (2d Cir.1983). Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted. *H.L. Hayden Co. of New York, Inc. v. Siemens Medical Sys., Inc.,* 879 F.2d 1005, 1011 (2d Cir.1989).

In an age discrimination case we keep in mind the familiar burden shifting three-step analysis for Title VII cases set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981), which also applies to ADEA actions. *See Montana v. First Fed. Sav. Loan Ass'n of Rochester,* 869 F.2d 100, 103 (2d Cir.1989); *Russo v. Trifari, Krussman & Fishel, Inc.,* 837 F.2d 40, 43 (2d Cir.1988).

Under this well-known test plaintiff has the initial burden of proof to establish a *prima facie* case of unlawful discrimination. If that burden is met, defendant then has the burden to articulate a legitimate, non-discriminatory reason for its action in rejecting plaintiff. Should defendant meet this burden, then plaintiff, upon whom the ultimate burden of persuasion rests, must show that the proffered reasons were not defendant's true reasons and that age was the fact that resulted in the employer's decision not to hire him.

To make out a *prima facie* case of age discrimination, plaintiff must show that (1) he belongs to the protected age group, (2) he applied for and was qualified for the position sought, (3) he was not hired despite his qualifications, and (4) the position was ultimately filled by a younger person. *See Stanojev v. Ebasco Services, Inc.,* 643 F.2d 914, 919–20 (2d Cir.1981). Taggart must therefore show by a preponderance of the evidence that he applied for an available position for which he was qualified, but was rejected because of circumstances which give rise to an inference of unlawful discrimination. *See Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093–94. The inference of discrimination may be shown by direct evidence, statistical evidence, or circumstantial evidence such as documentation of preference for younger employees, *Montana,* 869 F.2d at 104, all of which is aimed at persuading the trier of fact directly that the more likely reason for plaintiff not being hired was because of his age and that the employer's proffered reason was pretextual and not worthy of belief. *See Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1112 (2d Cir.1988).

II

Applying Title VII analysis to the present case, it is plain, since Taggart is over 40 years old, that he belongs to the protected age group, he was not offered employment at Time and, at least for some of the openings he was found overqualified, which supports his allegation that he was capable of performing the job, and all of Time's new hirees were younger than he was. Thus, appellant established a *prima facie* case. The issue to be decided therefore is whether the evidence reveals Time did not hire him for reasons which could give rise to an inference of unlawful age discrimination.

Taggart argues that he was entitled to a jury trial with respect to four positions for which he was turned down. With respect to three of them, we agree with the district court's analysis. Taggart was not hired as film file clerk because the hiring manager concluded appellant would not work well under pressure and lacked the judgment needed to perform that work. The interviewer described Taggart as "unenthusiastic" about the position of edit pro-

duction assistant. Taggart conceded in a letter to the New York State Division of Human Rights that he did not meet the requirements for the positions at the Impact Center for which he had applied. We discern no inference of age discrimination in Time's refusal to hire appellant for any of these three openings.

■ But the position of print purchaser at HBO strikes us as different. For that opening Time merely states that Taggart was not hired because he was overqualified. Instead, 41–year–old Carol Murphy was given the position. The district court found it reasonable for an employer to reject an applicant whose qualifications are excessive because it believed the job would not challenge him, and were he to be employed would likely continue to seek other employment.

Time cites two cases for the proposition that overqualified can mean unqualified. Neither had anything to do with age discrimination. In *Woody v. St. Clair County Comm'n,* 885 F.2d 1557 (11th Cir.1989), the claim was race discrimination. In addition, the court in *Woody* found the applicant overqualified for some aspects of the position *and* underqualified for others. *Id.* at 1561. In *Canham v. Oberlin College,* 666 F.2d 1057 (6th Cir.1981), *cert. denied,* 456 U.S. 977, 102 S.Ct. 2242, 72 L.Ed.2d 851 (1982), the claim was sex discrimination. As in *Woody,* claimant was found to be overqualified for some features of the position, but lacking certain required qualifications possessed by the other applicants. *Id.* at 1060. Moreover the judgment in both cases was entered after a bench trial where review is subject to the clearly erroneous standard. In contrast review in the case at hand is, as noted, *de novo* following the district court's grant of summary judgment.

Research has unearthed no cases when an overqualified applicant was ruled "unqualified" in the context of age discrimination litigation. Since overqualified is defined as having more education, training or experience than a job calls for, *Webster's New Collegiate Dictionary* 841 (9th ed. 1983), a ruling that overqualified means unqualified is a *non sequitur.* Thus, it is not surprising that what case law there is comes to the opposite conclusion.

The record reveals that Michele Rios–Nicosia, the hiring manager at HBO, stated that because Taggart was overqualified, she did not think the position would interest or challenge him. Ms. Rios–Nicosia gave no other reason for not hiring Taggart. Taggart stated he was willing to take any job available simply to continue to earn a decent living, and, as a Time employee with preferred status in obtaining the position, alleges he would have been hired had he not been 60 years old. Time admits that its sole reason for refusing to hire Taggart for this position was because he was overqualified. It did not cite any of Taggart's obviously pestering job search techniques as a basis for not hiring him; nor could it since Taggart's interview with Rios–Nicosia took place before all but one of these incidents occurred. If other nondiscriminatory reasons existed for refusing to hire appellant they should have been stated in Rios–Nicosia's affidavit.

Moreover, characterizing an applicant in an age discrimination case as overqualified has a connotation that defies common sense: How can a person overqualified by experience and training be turned down for a position given to a younger person deemed better qualified? Denying employment to an older job applicant because he or she has too much experience, training or education is simply to employ a euphemism to mask the real reason for refusal, namely, in the eyes of the employer the applicant is too old. *See EEOC v. District of Columbia, Dept. of Human Services,* 729 F.Supp. 907, 915 (D.D.C.1990) (overqualified and overspecialized are buzzwords for too old); *Vaughn v. Mobil Oil Corp.,* 708 F.Supp. 595, 601 (S.D.N.Y.1989) (overqualified supported employee's contention that she was capable of assuming another position).

An employer might reasonably believe that an overqualified candidate—where that term is applied to a younger person—will continue to seek employment more in keeping with his or her background and training. Yet, that rationale does not com-

fortably fit those in the age group the statute protects; for them loss of employment late in life ordinarily is devastating economically as well as emotionally. Instead, an older applicant that is hired is quite unlikely to continue to seek other mostly non-existent employment opportunities.

Consequently, refusing to hire Taggart for the sole reason that he was overqualified refutes Time's assertion that it was not discriminating on the basis of age. Taggart met the four prongs for presenting a prima facie case of age discrimination for the HBO position. This constitutes circumstances from which a reasonable juror could infer discriminatory animus on the part of Time based upon a finding that the reason proffered was pretextual and unworthy of credence.

## CONCLUSION

Accordingly, the judgment appealed from is reversed and the case remanded to the district court for a trial on the merits consistent with this opinion.