**Sol STEIN, Plaintiff–Appellant,**

v.

**NATIONAL CITY BANK,
Defendant–Appellee.**

**No. 90–4095.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 8, 1991.

Decided Aug. 28, 1991.

Alan I. Goodman (argued & briefed), Gross, Goodman & Associates, Cleveland, Ohio, for plaintiff-appellant.

Lynn C. Toler. (briefed), Charles J. French, III (argued), Vorys, Sater, Seymour & Pease, Cleveland, Ohio, for defendant-appellee.

Before KENNEDY and MILBURN, Circuit Judges, and ZATKOFF, District Judge.*

KENNEDY, Circuit Judge.

Plaintiff appeals from the District Court's decision granting defendant's motion for summary judgment on his claim of age discrimination. The District Court held that defendant's policy of refusing to hire college graduates for non-exempt positions was not shown to be age related or pretextual. We agree and AFFIRM.

I.

On April 30, 1985, plaintiff filed a discrimination charge against defendant with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on his religion. Plaintiff withdrew this charge in June 1985 and filed a dis-

---

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

crimination charge against defendant alleging discrimination based on age and/or religion. The EEOC determined that defendant did not discriminate against plaintiff on the basis of age or religion.

Plaintiff filed a timely complaint in federal district court alleging that defendant discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Ohio Revised Code § 4101.17, and on the basis of religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. After discovery, both parties moved for summary judgment on the claims alleged by plaintiff. Plaintiff abandoned his claim based on religious discrimination in his brief opposing defendant's motion for summary judgment. The District Court granted defendant's motion for summary judgment and held that plaintiff did not establish a *prima facie* case of age discrimination. This appeal ensued.

■ In March 1985, plaintiff, a 58 year-old retired employee of the Internal Revenue Service and a college graduate, applied for a customer service representative position with National City Bank ("defendant"). Defendant categorizes this position as "non-exempt" and employs a policy of not hiring college graduates for non-exempt positions. Consequently, plaintiff was not hired for the position. This lawsuit challenges defendant's policy.

The policy at issue is unwritten and was instituted in 1982 as a result of information gleaned during exit interviews with people who left defendant's organization. The policy seeks to prevent a high turnover of personnel; college graduates allegedly would leave after a short period of employment because the work would not be sufficiently challenging in light of their training. No studies have been introduced to support the assumptions underlying this policy, and an affidavit of a professor indicates that no such studies exist.

## II.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). Recent Supreme Court pronouncements make clear that Rule 56(c) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A court reviewing a grant of summary judgment must construe all inferences to be drawn from the materials submitted to the court in the light most favorable to the party opposing the motion. A grant of summary judgment will be affirmed when no reasonable trier of fact could find in favor of the nonmoving party. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial—whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ The ADEA provides in pertinent part:

It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;....

29 U.S.C. § 623(a). The statute applies to individuals between the ages of 40 and 70. *Id.* § 631(a). A plaintiff must prove at least the following four elements to establish a *prima facie* case of discrimination:

(1) he was a member of the protected class (age 40 to 70);

(2) he was subjected to an adverse employment action;

(3) he was qualified for the position; and

(4) he was replaced by a younger person.

*Simpson v. Midland–Ross Corp.*, 823 F.2d 937, 941 (6th Cir.1987) (relying on *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Even if the plaintiff proves the *McDonnell Douglas* criteria he must also show that age was a determining factor in the company's decision to discharge him. *Rose v. National Cash Register Corp.*, 703 F.2d 225 (6th Cir.1983). If plaintiff establishes a *prima facie* case, "[t]he burden of production then shifts to the defendant employer to provide a legitimate nondiscriminatory reason for the action taken." *Simpson*, 823 F.2d at 940. If such a reason is proffered, the employee then bears the burden of showing that the proffered reason was not the true reason for the employment decision and that the true reason was based on a discriminatory motive. *Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309, 313 (6th Cir.1989); *Simpson*, 823 F.2d at 940. This ultimate purpose of this test is to determine whether age was a determining factor in the employer's decision not to hire the employee. *Ackerman v. Diamond Shamrock*, 670 F.2d 66 (6th Cir.1982).

In the instant case, plaintiff introduced sufficient evidence to prove that he was within the protected class, that he had been subjected to adverse employment action, that he was qualified for the position with the exception that he had a college degree and that a younger person was hired. In response, defendant proffered its reason for not hiring plaintiff. Plaintiff now makes two arguments in an effort to prove that the policy is a pretext for age discrimination: 1) defendant has not uniformly applied the policy; and 2) the policy is unreasonable because it fails to achieve its purported ends.

Plaintiff contends that the evidence in the record supports his arguments. Defendant's policy is unwritten; no statistical study or other empirical data supports the assumptions underlying the policy; defendant's job description contains statements which apparently contradict the goals of the hiring policy; and at least five individuals who hold college degrees currently work in non-exempt positions.

These contentions are without merit. Whether a policy is written or unwritten has minimal probative value on the issue of pretext. It may tend to prove that a defendant attaches little weight to the policy, but this can be rebutted by evidence that the policy was reliably communicated by the employer to its employees and that it was consistently enforced. Similarly, it is not the function of courts to judge the wisdom of particular business policies, but to ensure that such policies are made on a rational basis. *Parcinski v. Outlet Co.*, 673 F.2d 34, 37 (2d Cir.1982). A court will uphold a policy so long as the purpose or effect of an employer's act does not result in discrimination. *Id.* In the instant case, defendant's policy was made on a rational basis.

Plaintiff's reliance on defendant's job description is misplaced. Plaintiff introduces the job description, which states that "[c]ollege courses ... are helpful, but not mandatory," in an attempt to show that this statement contradicts defendant's hiring policy. Plaintiff fails in this attempt. The goal of defendant's hiring policy is to reduce turnover by hiring those individuals most likely to remain employed for a prolonged period of time. The policy furthers this goal in two ways: by preventing the employment of individuals who will become bored quickly because of their level of qualification; and by not hiring those individuals who are capable of obtaining other, perhaps better paying, jobs shortly after employment. In order to address these concerns, the policy incorporates the objective measure of a college degree. In this respect, a college degree represents a recognition of past training (and thus a likelihood of boredom in a non-exempt position) as well as an indication of the individual's current marketability (and thus the ability to quickly secure other employment). One who has had some college courses lacks the marketability of a college graduate. Hence, the statement in the job description

does not contradict or undermine defendant's policy of not hiring individuals with college degrees.

The fact that defendant currently employs some individuals with college degrees in non-exempt positions is probative of pretext. Defendant asserts that at least five college graduates currently work in non-exempt jobs, and one of these employees had his college degree at the time he was hired. Implicit in this allegation is the concession that only one of these individuals was hired in violation of defendant's policy.[1] For purposes of review, therefore, we assume that over a four-year period defendant hired one individual with a degree for a non-exempt position. In contrast, during this same period defendant hired numerous individuals without college degrees while turning away 1,703 applicants with college degrees for such positions. Based on this evidence, we conclude that the application of the hiring policy fails to demonstrate that it is a pretext for discrimination.

Plaintiff relies heavily upon *Taggart v. Time, Inc.*, 924 F.2d 43 (2d Cir.1991), to argue that this policy is pretextual. In *Taggart*, an individual was turned down for several job positions because he was "overqualified." The *Taggart* court concluded that refusing to hire an individual because he was overqualified constituted circumstances from which a reasonable juror could infer discriminatory animus and thus find that the reason given was pretextual. The defendant's criterion in *Taggart* amounted to a label—"overqualified"—without any objective content. This criterion would allow the employer to shift the standard at its pleasure, raising the standard for some applicants and lowering it for others. A reviewing court could not determine whether the policy was uniformly applied to all applicants because it lacked any objective and measurable content. It is this characteristic which was fatal to the employer's policy in *Taggart*.

In the instant case, however, defendant has instituted a policy with an objective and measurable criterion: college degrees. This objective criterion removes the fear of a shifting standard and, as such, ensures that both the employer and applicant will be bound by the policy and at times suffer from its application. Hence, unlike the criterion at issue in *Taggart*, defendant's criterion allows a reviewing court to readily determine whether it discriminates against a suspect class on its face or in its application.

We note that the record indicates that 1,703 applicants with college degrees applied for non-exempt positions of which 73 were over the age of 40. Certainly defendant found some of the applicants who were under the age of 40 suitable for non-exempt positions, that is, their personal circumstances demonstrated that they would be challenged in such a position and would be unable to secure quickly another job in the marketplace. Yet, uniform application of this objective policy caused defendant to turn such applicants away. This evidence also shows that there is no correlation between age and college degrees or, if such a correlation exists, it may well be an inverse correlation. Thus, it is unlikely that this hiring policy which considers whether an individual holds a college degree is a pretext for age discrimination.

In sum, the evidence tending to show disparate treatment or disparate impact is not sufficient to allow any reasonable jury to find in plaintiff's favor. Plaintiff has failed to show that defendant's policy was not uniformly applied or unreasonable. Hence, plaintiff has failed to prove that the hiring policy was a pretext for age discrimination, an essential element of his claim on which he would bear the burdens of production and persuasion at trial.

For the foregoing reasons, we AFFIRM the decision of the District Court.

---

**1.** Defendant's policy prohibits the employment of college graduates for non-exempt jobs, but does not prohibit individuals from pursuing and attaining their college degrees after employment. Indeed, defendant currently has a financial program in place which encourages further education.