**EQUAL EMPLOYMENT OPPOR-TUNITY COMMISSION,** Plaintiff–Appellant,

v.

**INSURANCE COMPANY OF NORTH AMERICA,** Defendant–Appellee.

No. 93–16384.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 1994.

Decided March 13, 1995.

Jennifer S. Goldstein, E.E.O.C., Washington, DC, for plaintiff-appellant.

Michael A. Davis, Philadelphia, PA, for defendant-appellee.

Before: HUG, CANBY and KLEINFELD, Circuit Judges.

CANBY, Circuit Judge:

## I.

The Equal Employment Opportunity Commission ("EEOC") appeals the district court's grant of summary judgment to defendant Insurance Company of North America (ICNA) in this enforcement action brought on behalf of Richard Pugh under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (1994). We reject the EEOC's argument that ICNA's refusal to interview or hire Pugh on the ground that he was overqualified for the position at issue functioned as age discrimination.

## II.

In June 1988, ICNA placed an advertisement in a Phoenix newspaper for a "loss control representative". The advertisement stated that the "ideal candidate" would have a B.S. degree or equivalent work experience, two years of property/casualty loss control experience, demonstrated verbal and written communication skills, the ability to travel, and would be a self-motivated professional. Pugh, who had over 30 years of experience in loss control and engineering, submitted a resume in response to the advertisement. Pugh was not selected for an interview. Instead, ICNA interviewed four candidates, all of whom were younger than Pugh and had little or no loss control experience. Eventually, ICNA hired a twenty-eight-year-old woman, with no loss control experience, from outside the pool of applicants who responded to the advertisement.

Pugh filed a charge with the EEOC alleging age discrimination. On several occasions during the EEOC's investigation of Pugh's charge, ICNA told the EEOC that it had not considered Pugh for the position because he was overqualified. Walter Merkel, one of the two ICNA managers who received Pugh's resume, stated in a deposition that the reason he decided not to interview Pugh was that Pugh was overqualified for the position. Merkel stated that Pugh had too much training and experience, and that he probably would have delved too deeply into accounts. He explained that by becoming too involved in uncomplicated risks, Pugh might consume too much of the insureds' time. Kennan Glaser, the other ICNA manager who would have seen Pugh's resume, stated during his deposition that although he could not specifically remember having seen Pugh's resume, he probably rejected Pugh because Pugh's application appeared unprofessional. Pugh's resume had handwriting on it and was unaccompanied by a cover letter. Glaser also stated, however, that if Merkel had been interested in Pugh, Glaser would have considered interviewing him.

The district court granted summary judgment in favor of ICNA. The district court found that Pugh had established a *prima*

*facie* case of age discrimination,[1] but that ICNA's proffered legitimate, nondiscriminatory reasons for failing to hire Pugh were not pretextual. The district court accepted ICNA's explanation that it did not interview Pugh because Pugh's application was unprofessional in appearance, and Pugh had a background that was too technical and engineering-oriented for the position. The district court did not deny that one of the reasons Pugh was not considered for an interview was that he was "overqualified," but did not find that this reason served as a proxy for age discrimination.

In rejecting the EEOC's contention that ICNA's reasons were pretextual, the district court dismissed the significance of the fact that the applicants ICNA interviewed for the position were all younger than Pugh and had little or no loss control experience. The court apparently decided that because the person ultimately hired for the job was selected from outside the pool of those who responded to the advertisement, the characteristics of the respondents who were selected for interviews were irrelevant. The court also refused to consider that a year earlier ICNA had advertised for a similar position, and Pugh applied but was rejected for the position while two younger persons with no loss control experience were hired. The court reasoned that it could not consider this evidence of prior age discrimination because Pugh had not filed a charge of discrimination regarding the incident.

## III.

◼ We review *de novo* the district court's grant of summary judgment. *Lindahl v. Air France*, 930 F.2d 1434, 1436 (9th Cir.1991). We agree with the district court's determination that the EEOC failed to present evidence that ICNA's refusal to interview or hire Pugh because he was overqualified for the position functioned as age-discrimination in this case.[2]

As the EEOC concedes, if ICNA's rejection of Pugh was truly based on its belief that he was overqualified for the position at issue, ICNA did not violate the ADEA. *See Stein v. National City Bank*, 942 F.2d 1062, 1066 (6th Cir.1991) (employer does not violate ADEA by refusing to hire all applicants who are "overqualified" because they possess college degree); *Bay v. Times Mirror Magazines, Inc.*, 936 F.2d 112, 118 (2d Cir.1991) (where job applicant expresses dissatisfaction with downgraded position, it is permissible for employer to decline to hire him on ground that he is overqualified); *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 193 (2d Cir.1991) ("[t]he ADEA does not forbid employers from adopting policies against 'underemploying' persons in certain positions so long as those policies are adopted in good faith and are applied evenhandedly."). The fact that "overqualification" might be strongly correlated with advanced age does not make use of this criterion necessarily a violation of the ADEA. *Hazen Paper Co. v. Biggins*, —— U.S. ——, —— – ——, 113 S.Ct. 1701, 1706–07, 123 L.Ed.2d 338 (1993) (when an employer makes a decision on the basis of a criterion that is correlated with age, as opposed to age itself, the employer does not violate the ADEA).

◼ Although the ADEA does not prohibit rejection of overqualified job applicants *per se*, courts have expressed concern that such a practice can function as a proxy for age

1. The district court found that Pugh had established that (1) as a person older than 40, he was a member of a class protected by the ADEA; (2) he applied for and was qualified for a position for which ICNA sough applicants; (3) ICNA rejected him; and (4) ICNA continued to seek applicants of comparable qualifications to Pugh. ER at 203.

2. The evidence presented on the motion established, without any genuine issue, that the primary reason ICNA did not interview or hire Pugh was that it considered him overqualified for the position. Although Glaser offered alternative reasons for why he *might* have rejected Pugh, Glaser stated that if Merkel had been interested in Pugh, Glaser would have considered interviewing Pugh. Merkel stated that he did not want to interview Pugh for the job because he felt Pugh was overqualified. Therefore, it is fair to say that Pugh would have been considered for an interview if Merkel had not considered him overqualified. Because we assume that the principal reason Pugh was rejected was that he was considered overqualified, we need not decide whether ICNA's proffered alternative reasons for rejecting Pugh are sufficient to support summary judgment.

discrimination if "overqualification" is not defined in terms of objective criteria. In *Taggart v. Time, Inc.*, 924 F.2d 43 (2d Cir.1991), the Second Circuit described the term "overqualified" as a euphemism for "too old" when it was used as the reason not to hire an older job applicant. While we do not agree with the suggestion in *Taggart* that rejection of an older worker because he or she is "overqualified" is always tantamount to age discrimination, cases explaining *Taggart* make the valid point that reliance on "overqualification" as a disqualifying factor in hiring can easily mask age discrimination when "overqualified" is not defined. In *Stein*, the court noted that "[t]he defendant's criterion in *Taggart* amounted to a label—'overqualified'—without any objective content. This criterion would allow the employer to shift the standard at its pleasure, raising the standard for some applicants and lowering it for others." *Stein*, 942 F.2d at 1066. *See also Bay*, 936 F.2d at 118 (conclusory statement that person is overqualified may serve as a mask for age discrimination.)

In this case, ICNA's rejection of Pugh due to his overqualification for the position at issue was based on at least one defined concern. Merkel explained that he feared that someone with Pugh's extensive background in the loss control field would delve too deeply into the accounts to which he would be assigned. He explained that if Pugh became too involved in uncomplicated risks, he would impose upon insureds' time to an inappropriate degree. Merkel's reason for rejecting Pugh was objective and non-age-related. This uncontradicted evidence supports the conclusion that Merkel's decision that Pugh was "overqualified" for the position was not a mask for age discrimination. The EEOC did not produce evidence that this neutral reason was pretextual. Accordingly, we agree with the district court's determination that Pugh did not present enough evidence that ICNA discriminated against him on the basis of age to survive summary judgment.

### IV.

The EEOC also argues that the district court erred in not treating as evidence of pretext the fact that in the hiring at issue,

and in a past hiring, ICNA rejected Pugh in favor of younger applicants with little to no relevant experience. *See Perez v. Curcio*, 841 F.2d 255, 258 (9th Cir.1988) (jury can consider weak evidence of age discrimination in deciding whether employer's proffered reasons are pretext); *Lindahl v. Air France*, 930 F.2d 1434, 1439 (9th Cir.1991) (plaintiff allowed to introduce evidence regarding employer's past hiring decision that was unaccompanied by formal charge of discrimination). In the circumstances of this case, however, the evidence at issue does not show that ICNA's reliance on the criterion of "overqualification" served as a pretext for age discrimination. Instead, the evidence shows that in this instance, and in the past when it filled this lower-level position, ICNA favored applicants with much less experience than Pugh. If anything, the evidence supports ICNA's contention that it truly believed Pugh was overqualified for the position. Therefore, this evidence does not provide a basis for reversing the grant of summary judgment to ICNA.

**AFFIRMED.**