54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ted CROWDER, Plaintiff-Appellant,
v.
MAGIC MOUNTAIN EXPRESS, Defendant,
Transportation Insurance Company; Ranger Insurance Company,
Defendants-Appellees.
 No. 94-6251.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1995.
 
 1
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and HEYBURN, District Judge.*
 
 ORDER
 
 2
 Ted Crowder, a pro se Tennessee resident, appeals a district court judgment dismissing his complaint brought pursuant to the Age Discrimination in Employment Act and the Fair Labor Standards Act. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Crowder sued Magic Mountain Express, a trucking company, Ranger Insurance Company, which is Magic Mountain's insurance carrier, and Transportation Insurance Specialists, Inc., the underwriter for Ranger. Crowder alleged that the defendants discriminated against him on the basis of his age (65) when they refused to hire him as a truck driver when he applied for that job in May 1991 and again in August 1991.
 
 
 4
 Based on Crowder's motion to dismiss, the district court dismissed the case against Magic Mountain without prejudice because this defendant is currently in bankruptcy proceedings. The district court granted summary judgment in favor of the remaining two defendants finding that they did not discriminate against Crowder based on his age. On appeal, Crowder continues to argue the merits of his claims.
 
 
 5
 Upon de novo review, we conclude that the district court properly entered summary judgment in favor of the defendants because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 Crowder has failed to prove a prima facie case of age discrimination because he did not demonstrate that he was qualified for the job, see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), and he also did not demonstrate that age was a determining factor in the company's decision to make the adverse employment action. See Stein v. National City Bank, 942 F.2d 1062, 1064-65 (6th Cir. 1991).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation