108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobbie J. HILE, Plaintiff-Appellant,
v.
PEPSI-COLA GENERAL BOTTLERS, INC., A DIVISION OF THE WHITMAN COMPANY,
and
Pepsi-Cola General Bottlers of Lima, Inc., A Subsidiary of
Pepsi-Cola General Bottlers, Inc., and the Whitman
Company, Defendants-Appellees.
 No. 95-4361.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1997.
 
 Before: JONES, SILER, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Bobbie J. Hile, who suffers from back strain due to injury and multiple sclerosis, brought this action against his former employer, Pepsi-Cola General Bottlers, Inc., alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq. Hile had been released from employment as a route manager while on an approved medical leave. According to his employer, he was released from that position because he was no longer physically able to perform his duties on the job. Claiming that he was and is able to perform the job, Hile brought this lawsuit seeking reinstatement in the position or "front pay" for lost wages and benefits; compensatory, liquidated, and punitive damages; and attorney's fees and costs. The district court granted summary judgment in favor of the defendants, finding that Hile had not presented sufficient evidence to support a prima facie case of handicap discrimination, age discrimination, or unlawful retaliation on the part of the defendants. From this ruling Hile now appeals, claiming that a genuine issue of material fact exists on these issues, making summary judgment inappropriate. Because we disagree with Hile's assertions on appeal, we affirm the order of the district court granting summary judgment on all counts.
 
 Procedural and Factual Background
 
 2
 In 1974, appellant Bobbie J. Hile began working for Pepsi in Ohio. Over the years, he was promoted through the ranks, arriving at the position of route manager in 1991. As route manager, he was responsible for overseeing approximately nine other employees. Hile worked as route manager for approximately two and a half years, performing satisfactorily during that time.
 
 
 3
 Hile has suffered from recurring back pain due to an injury in 1979 and to multiple sclerosis diagnosed in 1987. Over the past several years, Hile has received ongoing treatment for these problems, seeing various doctors and, on occasion, taking approved medical leaves of absence. In mid-1993, Hile was once again forced to take a medical leave of absence. According to Hile, his back trouble was exacerbated because one of the subordinate positions under his charge was not filled, forcing him to do extra lifting of cases of soft drinks. Pepsi disagrees with this assertion, offering documentation to show that the position was in fact filled throughout the relevant time period.
 
 
 4
 While Hile was on medical leave, his doctor sent a letter to Pepsi requesting that Hile be assigned to a new position within the company because constant lifting would be harmful to his back. Shortly thereafter, Hile was informed by his supervisor that he would not be able to return to the position of route manager because he was not able to do the lifting required for the job, and that he should wait to hear further from them. While he waited to hear from Pepsi again, Hile's job was filled by another person. Pepsi states that it based its decision to replace Hile on the information from Hile's doctor, concluding that he was unable to perform as route manager.
 
 
 5
 Despite his earlier assertions to Pepsi that he was unable to do the lifting required of his position, Hile now claims that his inability to perform as route manager was merely the temporary result of lifting not normally a part of the job. Pepsi, asserting that such lifting is not unusual but is instead an "essential function" of the position, maintains that Hile is not qualified for the job. Therefore, the company argues, it did not violate the law in removing him from this position.
 
 
 6
 Hile also claims that Pepsi retaliated against him for asserting his legal rights. According to Hile, the subordinate position was intentionally left unfilled, forcing him to perform lifting duties that his position should not have entailed. Additionally, he claims that his disability benefits were inappropriately delayed, in that Pepsi refused to give him his short-term disability benefits until he waived his right to bring a claim for injury on the job and agreed to reimburse them for some of his benefits. He refers incorrectly to the documentary evidence he presents, however, which in fact supports Pepsi's assertion that this was merely a form waiver requiring reimbursement only if he recovers the benefits from another source such as workers' compensation.
 
 
 7
 Hile brought this case claiming discrimination on the basis of his disability, discrimination on the basis of his age, and retaliation in response to his protected behavior, as well as several pendant state law claims. Discovery was conducted, after which Pepsi filed a motion for summary judgment. The District court granted the defendants' motion for summary judgment on the federal claims and released the state law claims without prejudice. Hile now appeals from this judgment of the District court.
 
 Discussion
 
 8
 This court reviews de novo a district court's grant of summary judgment as a matter of law. Monette v. Electronic Data Systems Corp., 90 F.3d 1173, 1176 (6th Cir.1996). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If "the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial," summary judgment should be granted. Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987).
 
 
 9
 A grant of summary judgment does not automatically fail in the presence of any factual dispute whatsoever. As the Supreme Court pointed out in Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), "some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original). According to Liberty Lobby, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.... [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249. If the contradictory facts presented by the nonmoving party, even if true, would not affect the outcome of the case, a trial is unnecessary and summary judgment should properly be granted. Id. at 248-49.
 
 ADA Claim
 
 10
 The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). We recently examined the analysis of claims under the ADA in great detail. See generally Monette v. Electronic Data Systems Corp., supra, 90 F.3d 1173. In order to recover on a claim of discrimination under the ADA, a plaintiff must demonstrate that he or she (1) is an individual with a disability, (2) is "otherwise qualified" to perform the job requirements, with or without reasonable accommodation, and (3) was discharged solely by reason of his or her handicap. Id. at 1178 (citing Maddox v. University of Tennessee, 62 F.3d 843, 846 (6th Cir.1995)). As we pointed out in Monette,
 
 
 11
 a plaintiff may attempt to establish unlawful discrimination by introducing direct evidence of discrimination, including evidence that the employer relied upon the plaintiff's disability in making its employment decision, ... or by introducing indirect evidence of discrimination to shift the burden of production to the employer to articulate a legitimate, nondiscriminatory reason for making the adverse employment decision.
 
 
 12
 90 F.3d at 1178 (internal citations omitted).
 
 
 13
 As Monette indicates, cases involving discriminatory treatment on account of a disability do not always turn on a determination of the employer's intent. Id. Unlike cases involving allegations of race or gender discrimination, an employer often explicitly considers an individual's disability in making employment decisions. Monette, supra, at 1180. When this is the case, direct evidence of discrimination exists. Id. A burden-shifting analysis such as that employed by courts addressing claims of race or gender discrimination is inappropriate at that point because,
 
 
 14
 [t]he only question left for resolution, in most disability cases in which the employer admits reliance on the disability (or other direct evidence of discrimination exists), is whether the adverse employment decision was based solely on the employee's disability. This question is resolved by answering what is most often the disputed issue in cases in which the employer has relied on the employee's disability to make the employment decision; whether the employee is otherwise qualified, with or without reasonable accommodation, to perform the essential functions of the job. This disputed issue can be resolved by the introduction of direct, objective evidence concerning the disabled plaintiff's individual abilities to perform the essential functions of the job, without reasonable accommodation, or whether a reasonable accommodation is possible.
 
 
 15
 Id.
 
 
 16
 In considering whether summary judgment was appropriately granted, the reviewing court (like the district court) must consider whether the nonmoving party has presented enough evidence for a jury to reasonably find in their favor at trial. Anderson v. Liberty Lobby, Inc., supra, 477 U.S. at 249. In conducting this examination, a court should consider which aspects of the case must be proved by the nonmoving party, and which aspects of the case must be proved by the moving party. In Monette, the panel set forth the respective burdens of proof in a case such as the one at issue here.
 
 
 17
 [I]f the plaintiff has direct evidence that the employer relied on his or her disability in making an adverse employment decision, or if the employer admits reliance on the handicap: (1) The plaintiff bears the burden of establishing that he or she is "disabled." (2) The plaintiff bears the burden of establishing that he or she is "otherwise qualified" for the position despite his or her disability: (a) without accommodation from the employer; (b) with an alleged "essential" job requirement eliminated; or (c) with a proposed reasonable accommodation. (3) The employer will bear the burden of proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon the employer.
 
 
 18
 Id. at 1186 (emphasis added).
 
 
 19
 In the instant case, Hile has produced direct and undisputed evidence that his employer considered his disability in deciding to terminate his employment as a route manager. The parties agree that Pepsi considered Hile's physical disability in deciding to terminate his employment. The disputed issue in this case is whether or not he is "otherwise qualified" to perform his job as a route manager. Cases such as this fall into two categories: (1) cases in which the plaintiff claims that he or she can in fact perform the job sought, and (2) cases in which the plaintiff claims that a certain function of the job is nonessential, or that he or she could perform the job with reasonable accommodation. Id. at 1182. The dispute in the instant case falls into the second of these two categories, as Hile claims that lifting is not an essential function of the job.
 
 
 20
 Within the context of this lawsuit, Hile claims that the lifting actually required for the job is occasional and minimal, falling within the limitations placed upon him by his doctors. Prior to the institution of this lawsuit, however, Hile specifically asserted, both to his medical doctors and to Pepsi itself, that he was unable to do the lifting required for the job. While he now attempts to qualify those earlier statements in order to support his legal claims, his evidence that the job does not require continuous lifting directly conflicts with his earlier assertions about the job requirements.
 
 
 21
 Hile cannot change his description of the job requirements now that it suits his purpose to do so. The previous statements of Hile's doctors, based on his own descriptions to them of the job requirements, include numerous indications that he was physically incapable of performing the job. For example, a letter from his chiropractor to Pepsi stated that "if Mr. Hile is to continue at his present job he will risk permanent injury," and requested that Hile "be re-assigned to a different position within your company, one [in] which no heavy lifting is required." Another letter from the chiropractor to Pepsi urged that "in order to avoid any further permanent injury and to aid in the healing of Mr. Hile's condition he should be restricted from a job requiring any lifting whatsoever," and that "these restrictions be imposed on a permanent basis." A letter to the Bureau of Workers' Compensation said that "lifting as little as one case or pop weighing approximately 20-22" can aggravate Hile's back condition," and that the chiropractor "would not recommend lifting more than 10 pounds frequently or 20 pounds maximum at this time." A letter from Hile's neurologist notified Pepsi that his "back problem limits his overall capabilities" and that he could continue working only "as long as he can avoid heavy lifting and/or prolonged lifting of more than 15 pounds." In an opinion prepared at the request of Hile's attorney for a permanent partial impairment claim, another physician stated that Hile described "severe distress on the job as his job requires considerable lifting. He is a route manager for Pepsi Cola and has to load and unload stock." Finally, Hile himself listed "Run routes and set up routes" as part of his job description, a task which necessarily involves lifting many soft drink cases.
 
 
 22
 At the time that Pepsi was making decisions about Hile's work placement, Hile's own descriptions of the route manager position included lifting that he was apparently medically unable to do. We hold that because of these earlier assertions, which are inconsistent with the position he now takes regarding the route manager job, Hile "is estopped from arguing now that he is 'qualified' under the ADA...." McNemar v. Disney Store, Inc., 91 F.3d 610, 617 (3rd Cir.1996), cert denied, 1996 W.L. 744970 (Feb. 18, 1997); see also Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir.1996). Because Hile has failed to present evidence sufficient to support a finding that he is qualified for the position of route manager, no genuine issue of material fact remains for trial. Hile cannot meet his burden of presenting a prima facie case of discrimination under the ADA, and thus the district court was correct in granting summary judgment in favor of the defendant.
 
 ADEA Claim
 
 23
 Hile also claims that Pepsi discriminated illegally under the ADEA. The ADEA provides in pertinent part that "[i]t shall be unlawful for an employer--(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; ...." 29 U.S.C. § 623(a). The statute protects individuals between the ages of 40 and 70 years. Id. at § 631(a). In order to establish a prima facie case of age discrimination under the ADEA, a plaintiff must present evidence that (1) he or she was a member of the protected class; (2) that he or she suffered an adverse employment action or disposition; (3) that he or she was qualified for the position either lost or not gained; and (4) that a person younger than the plaintiff replaced, or was selected over, the plaintiff. Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1081 (6th Cir.1994). Additionally, "[e]ven if the plaintiff proves the [prima facie case] criteria he must also show that age was a determining factor in the company's decision to discharge him." Stein v. National City Bank, 942 F.2d 1062, 1065 (6th Cir.1991) (citing Rose v. National Cash Register Corp., 703 F.2d 225 (6th Cir.1983)).
 
 
 24
 Once a prima facie case has been established, the burden of production shifts to the defendant to present a legitimate nondiscriminatory reason for the employment action taken. Manzer, supra, at 1082. If the defendant can present such reasons, the burden of production returns to the plaintiff, who must "produce sufficient evidence from which the jury may reasonably reject the employer's explanation." Id. at 1083. The Supreme Court has clarified, however, that the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 518 (1993) (citing Tex. Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)). In other words, "the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." Manzer, supra, at 1083. If a plaintiff is able to produce that evidence, showing that the reason given by the employer is factually false, was not the actual reason for the action, or was insufficient to motivate the action, "such a showing permits, but does not require, the factfinder to infer illegal discrimination from the plaintiff's prima facie case." Id. at 1084.
 
 
 25
 As the above ADA claim discussion indicates, the evidence submitted did not create a genuine issue of material fact on this question of whether Hile was qualified for the position of route manager; thus, Hile is also unable to make the ADEA prima facie case. However, even if Hile could make the required ADEA prima facie case, he would not thereby automatically succeed in showing that his dismissal was inappropriate under the ADEA. See Hazen Paper Co. v. Biggins, 507 U.S. 604, 611-612 (1993).
 
 
 26
 In Hazen Paper Co., the Supreme Court stated that in disparate treatment cases under the ADEA,
 
 
 27
 liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision.... Whatever the employer's decisionmaking process, a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome.
 
 
 28
 * * *
 
 
 29
 * * *
 
 
 30
 Although some language in our prior decisions might be read to mean that an employer violates the ADEA whenever its reasons for firing an employee is improper in any respect, ... this reading is obviously incorrect. For example, it cannot be true that an employer who fires an older black worker because the worker is black thereby violates the ADEA. The employee's race is an improper reason, but it is improper under Title VII, not the ADEA.
 
 
 31
 507 U.S. at 609, 610, 612 (emphasis in original) (internal citations omitted).
 
 
 32
 Hile has failed to present any evidence whatsoever, circumstantial or otherwise, that age was "a motivating factor" in Pepsi's decision to terminate him. He has shown nothing to suggest that his age was considered by Pepsi in any way. Because a plaintiff cannot succeed in an ADEA claim without persuading a factfinder that age, and not some other impermissible reason, actually motivated an adverse employment action, Hile has failed to present evidence on which a "reasonable trier of fact could find in favor of the nonmoving party." Stein, supra, 942 F.2d at 1064.
 
 Retaliation Claim
 
 33
 In addition to his claims of discrimination under the ADA and ADEA, Hile maintains that his employer engaged in retaliatory actions against him. Specifically, he claims that "[i]n retaliation for Plaintiff asserting his right to be free from discriminatory treatment because of his age and disability status Defendants terminated Plaintiff from disability benefits, denied him access to vested benefits including disability benefits and constructively terminated him on or about December 28, 1993 from employment with them."
 
 
 34
 The ADA provides a separate cause of action against an employer who retaliates when an employee takes advantage of the protections offered by the act:
 
 
 35
 No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
 
 
 36
 42 U.S.C. § 12203(a). Similarly, the ADEA provides that
 
 
 37
 [i]t shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, ... because such individual ... has opposed any practice made unlawful by this section, or because such individual ... has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or litigation under this chapter.
 
 
 38
 29 U.S.C. § 623(d). In order to succeed on a claim of retaliation under a disparate treatment claim, a plaintiff must "produce[ ] evidence that her protected expression was a 'substantial' or 'motivating' factor in a defendant's decision to terminate employment." Hartsel v. Keys, 87 F.3d 795, 803 (6th Cir.1996) (citing Mount Healthy City Sch. Dist. v. Doyle, 429 U.S. 274, 287 (1977)), cert. denied, 117 S.Ct. 683 (1997). This requirement necessitates a showing of causality between the protected activity and the adverse employment decision. Hartsel, supra, at 803. "Usually, the question of causation is a factual issue to be resolved by a jury, ... and may be satisfied by circumstantial evidence.... Nonetheless, a court may grant summary judgment even in a causation inquiry, where it is warranted." Id. (internal citations omitted).
 
 
 39
 With respect to Hile's retaliation claim, the District court found that "[p]laintiff has offered only speculation, and no proof of any such retaliation." This is an accurate statement of the situation in this case. In support of his retaliation claim, Hile offers his own testimony that the position of swingman (a job that, if filled, would decrease the amount of lifting required of the route manager) was not filled for part of 1993, asserting that this was intended to harm him; that the defendants inappropriately required him to reimburse them for part of his short-term disability benefits; and that the defendants delayed processing of the paperwork for his long-term disability benefits. The evidence presented does not support these assertions. Pepsi presents documentary evidence that the position of swingman was filled during the time that Hile claims it was not, that they did not require him to reimburse them inappropriately, and that his problems receiving long-term payments were due to the actions of Cigna Insurance Company rather than to their own actions. Additionally, even if Hile were factually correct in his assertions, his claim of causal connection is undermined by the chronology of events. Hile did not bring these proceedings or engage in other protected activity until after he claims the swingman position went unfilled and the short-term benefits were denied.
 
 
 40
 Hile has presented no evidence beyond his own assertions that there was any behavior on the part of the company that could potentially have been retaliatory, much less any evidence that such behavior actually was retaliatory. Additionally, he has failed to show any causal link between his dismissal and his claims under the ADA or ADEA. Because Hile does not present evidence upon which a trier of fact could reasonably find in his favor, the district court's grant of summary judgment on this claim was appropriate.
 
 
 41
 For the reasons set out above, we conclude that the judgment of the district court is correct in all respects, and we AFFIRM it.