**EXPORTADORA FRUPAC LTDA., Plaintiff,**

v.

**M/V YASAKA REEFER, her engines, boilers, etc., Yashiro Senpaku Kaisha Ltd., Nichiro Corp., Windle Shipping Co. Ltd., a/k/a Wendel Shipping, Compania Sud Americana de Vapores, a/k/a CSAV and Great White Fleet, Ltd., Defendants.**

No. 93 Civ. 3130(PKL).

United States District Court,
S.D. New York.

Jan. 17, 1995.

Bigham Englar Jones & Houston, New York City, for plaintiff (Michael K. Rappaport and John E. Cone, Jr., of counsel).

Walker & Corsa, New York City, for defendant M/V YASAKA REEFER and Yashiro Senpaku Kaisha Ltd. (Richard A. Corwin, of counsel).

Kirlin, Campbell, Meadows & Keating, New York City, for defendant CSAV and Windle Shipping (J. Scot Provan, of counsel).

Nourse & Bowles, New York City, for defendant Nichiro Corp. (David A. Nourse, of counsel).

## OPINION AND ORDER

LEISURE, District Judge:

This is an action brought by Exportadora Frupac Ltda. ("Frupac") against Yashiro Senpaku Kaisha Ltd. ("Yashiro"), M/V YASAKA REEFER (the "Yasaka"), Nichiro Corp. ("Nichiro"), Windle Shipping Co. Ltd. a/k/a Wendel Shipping ("Wendel"), Compania Sud Americana De Vapores a/k/a CSAV ("CSAV"), and Great White Fleet, Ltd. ("GWF"). Frupac brought the instant action seeking damages for alleged shortage and

damage to a shipment of kiwi fruit carried on board the Yasaka. Defendants Yashiro and the Yasaka (the "moving defendants") now move this Court, pursuant to Fed.R.Civ.P. 12(b) and 56, for an order dismissing the action as to Yashiro for (1) failure to state a claim upon which relief can be granted, (2) lack of *in personam* jurisdiction, and (3) insufficient service of process; and as to the Yasaka, for failure to state a claim upon which relief can be granted. Plaintiff, defendant Nichiro, defendant Wendel, and defendant CSAV oppose defendant Yashiro's and defendant Yasaka's motion. For the reasons stated below, defendants' motion is denied.

## BACKGROUND

The background relevant to this action is fairly straight forward. In May 1992, Frupac, as owner of the cargo, shipped 153,244 cases of kiwi fruit from Valparaiso, Chile to Genoa, Italy. Memorandum of Law in Support of Motion for Summary Judgment ("Defendant Mem.") at 2. The shipment was transported by the Yasaka, which is owned by Yashiro. *Id.* At all relevant times, the Yasaka operated under a subcharter to CSAV. Memorandum of Law in Opposition to the Motion for Summary Judgment of Defendants Yashiro Senpaku Kaisha Ltd. and M/V YASAKA REEFER ("Nichiro Mem.") at 2. Sud Americana Agencias Aereas y Maritimas S.A. ("SAAM") is a wholly owned subsidiary of CSAV and acts as their agent in connection with the ocean transportation of cargo. Memorandum of Law in Opposition to Motion for Summary Judgment ("CSAV Mem.") at 3.[1] Upon its arrival in Italy, the shipment was found to be in damaged condition. Plaintiff alleges that, as a result of damage to the kiwis, it sustained monetary losses in excess of one million dollars.

## DISCUSSION

A. *The Standard for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 580 (2d Cir.1991). Summary judgment "is appropriate only 'after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Thornton v. Syracuse Sav. Bank,* 961 F.2d 1042, 1046 (2d Cir.1992) (quoting *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552); *accord Irvin Indus., Inc. v. Goodyear Aerospace Corp.,* 974 F.2d 241, 245 (2d Cir.1992).

"In deciding whether to grant summary judgment all inferences drawn from the materials submitted to the trial court are viewed in a light most favorable to the party opposing the motion. The nonmovant's allegations are taken as true and it receives the benefit of the doubt when its assertions conflict with those of the movant." *Cruden v. Bank of New York,* 957 F.2d 961, 975 (2d Cir.1992). "Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." *Id.; accord Taggart v. Time, Inc.,* 924 F.2d 43, 46 (2d Cir.1991); *see also Lang,* 949 F.2d at 580 ("In determining how a reasonable jury would decide, the court must resolve all ambiguities and draw all inferences against the moving party."); *Binder v. Long Island Lighting Co.,* 933 F.2d 187, 191 (2d Cir.1991) ("Viewing the evidence produced in the light most favorable to the nonmovant, if a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate.").

1. CSAV Mem. is not paginated, but the Court will refer to it as if the pages of the document were consecutively numbered.

The substantive law governing the case will identify those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.*, 477 U.S. at 249, 106 S.Ct. at 2511.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and identifying which materials "it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. Once a motion for summary judgment properly is made, however, the burden then shifts to the nonmoving party, which " 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511 (quoting Fed.R.Civ.P. 56(e)); *accord Brass v. American Film Technologies, Inc.*, 987 F.2d 142 (2d Cir.1993). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2510 (emphasis in original). "Conclusory allegations will not suffice to create a genuine issue. There must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts.' " *Delaware & Hudson Ry. Co. v. Conrail*, 902 F.2d 174, 178 (2d Cir.1990) (quoting *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512, and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)), *cert. denied*, 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991). "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990) (quotations omitted); *see also Gnazzo v. G.D. Searle & Co.*, 973 F.2d 136, 138 (2d Cir.1992) (The court must "consider the record in the light most favorable to the non-movant. However, the non-movant may not rest upon the mere allegations or denials of [his] pleading, but must set forth specific facts showing that there is a genuine issue for trial.") (quotation and citations omitted). The Court draws all reasonable inferences in favor of the nonmoving party only after determining that such inferences are reasonable, considering all the evidence presented. *See, e.g., Apex Oil Co. v. Di Mauro*, 822 F.2d 246, 252 (2d Cir.), *cert. denied*, 484 U.S. 977, 108 S.Ct. 489, 98 L.Ed.2d 487 (1987).

## B. *Issues of Fact*

Unlike the background to this action, which is fairly uncomplicated, the history of the instant motion is somewhat tortured, and the many letters addressed to this Court by both plaintiff and moving defendants, after the instant motion was fully briefed by all parties, served only to further obfuscate, rather than clarify, the relevant issues. The most efficacious approach seems to be to illuminate the positions of the various parties and then to indicate where lie the relevant factual questions that preclude the award of summary judgment.

### 1. *Moving Defendants*

Defendants Yashiro and Yasaka contend that no bills of lading covering the subject shipment of kiwi fruit were issued on behalf of the Yasaka. Rather, they maintain that defendant GWF issued bills of lading covering the fruit, and that it did so without the knowledge or authorization of the master of the Yasaka, Captain Yamaguchi (the "captain"). Yashiro and Yasaka further claim that Yashiro was not a party to the GWF bills of lading and that GWF had no chartering or contractual relationship with the Yasaka. Defendant Mem. at 2–3, 6. Moving defendants observe that GWF admitted that it issued the bills of lading. As a result, conclude the moving defendants, they cannot be liable to plaintiff for the alleged damage to the shipment of kiwi fruit.

Moving defendants assert that this Court does not have personal jurisdiction over Yashiro due to Yashiro's lack of minimum contacts with New York and with the United States generally. They argue that a shipowner cannot be held liable *in personam* for cargo damage where a third party issues a bill of lading without the shipowner's authorization.

Moving defendants acknowledge that if a vessel sets sail with cargo for which a charterer issued an unauthorized bill of lading, the vessel can be held liable *in rem* under the theory that, by sailing, the vessel ratifies the otherwise unauthorized bills of lading for cargo on board. Yashiro and Yasaka, though, contend that the ratification doctrine does not extend beyond the charterparty relationship, and therefore, a ship cannot be held liable *in rem* under an unauthorized bill of lading issued by a party outside the charterparty relationship. They maintain that GWF was outside the chartership relationship.

Lastly, moving defendants assert that Frupac's attempt to serve process was insufficient. Frupac mailed the summons and complaint to Yashiro in Japan, and moving defendants claim that Japan has not authorized the service of process by mail.

### 2. *Plaintiff*

Plaintiff asserts that SAAM signed and executed various bills of lading of both GWF and CSAV for the subject shipment. It is plaintiff's position that SAAM, which was owned by CSAV, was a dual agent of CSAV and GWF. Plaintiff further maintains that CSAV was empowered by the captain to issue bills of lading on his behalf, and that both CSAV and GWF bills of lading were issued for the subject shipment and duly executed by SAAM. In fact, plaintiff claims that SAAM mistakenly issued the GWF bills of lading for the shipment, and that if no error had been made, only CSAV bills of lading would have been issued.

Plaintiff further maintains that this Court has personal jurisdiction over Yashiro. Plaintiff observes that moving defendants neglect to mention that the GWF bills of lading that were issued specifically state:

JURISDICTION. All disputes arising out of or by reason of this Bill of Lading or the relationship created hereby shall be brought by or against the Carrier in the United States District Court, Southern District of New York, in accordance with the laws of the United States.

Affidavit of John E. Cone, Jr., sworn to on March 24, 1994 ("Cone aff."), at ex. 1, clause 17. "Carrier" is defined in the bill of lading as GWF, the vessel, her owner, operator and master. Cone aff. at ex. 1, clause 1. Plaintiff contends that this bill of lading was issued pursuant to the authorization given to SAAM by the captain on behalf of Yashiro and Yasaka. As a result, concludes plaintiff, moving defendants agreed that any and all disputes arising out of the carriage of the subject shipment and the GWF bills of lading would be exclusively litigated in this Court.

Plaintiff adds that CSAV bills of lading were also issued for the shipment and that they listed GWF, rather than plaintiff, as the shipper. Moreover, asserts plaintiff, these bills of lading state that they were issued on behalf of the Yasaka and her owner. The CSAV bills of lading, too, were executed by SAAM, according to plaintiff.

Plaintiff further asserts that the protection & indemnity underwriter of the Yasaka issued a letter of undertaking/guarantee on February 1, 1993, and that this letter promised an appearance in New York to defend the instant suit. Plaintiff concludes that Yashiro is liable *in personam* because the bills of lading were issued and signed by it or on its behalf, and plaintiff further reasons that the issuance of the letter of undertaking/guarantee binds the Yasaka *in rem* to appear in this action.

Plaintiff does not respond to moving defendants' assertion of improper service of process, but instead, closes by requesting the imposition of sanctions against moving defendants for bringing a "premature, frivolous and improper motion." Memorandum of Law in Opposition of Motion for Summary Judgment of Defendants Yashiro Senpaku Kaisha Ltd. and the M/V "Yasaka Reefer" ("Plaintiff Mem.") at 15–18.

### 3. Defendant Nichiro

Nichiro contends that, pursuant to the authority granted to it by certain charter party agreements and by written confirmation of that authority by the captain, SAAM, an agent of CSAV, issued a bill of lading with respect to the relevant cargo on a GWF form. Nichiro Mem. at 2–3. Nichiro states that the cargo was carried on the Yasaka pursuant to this bill of lading, and that the bill of lading constituted the contract of carriage for the shipment of the cargo. Id. at 3, 5. Nichiro then notes that the GWF bill of lading incorporated the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §§ 1300–1315. Under COGSA, Nichiro continues, a shipowner may be held personally liable for cargo damage if it is found to be a "carrier." Nichiro concludes that Yashiro authorized the issuance of a bill of lading with respect to the cargo and that the bill actually issued was issued completely in accordance with the shipowner's authorization so as to render Yashiro personally liable as a COGSA carrier.

In sum, Nichiro argues that SAAM issued the relevant bill of lading, in accordance with Yashiro's authorization, and that the use of a GWF form did not affect SAAM's compliance with the authorization or Yashiro's personal liability on the bill. Nichiro also contends that the vessel may be held liable in rem for cargo loss or damage when the vessel carries cargo for which an authorized bill of lading was issued, as it maintains occurred in this case. Additionally, Nichiro asserts that a vessel is liable in rem under the ratification doctrine when it sails with cargo for which an unauthorized bill of lading was issued, regardless of whether the shipowner can be held personally liable.

### 4. Defendants CSAV and Wendel

Defendants CSAV and Wendel contend that this Court has in personam jurisdiction over Yashiro by virtue of the captain having authorized charterer, CSAV, to issue bills of lading, containing a forum selection clause, on owner's behalf. They further maintain that plaintiff states a cause of action against the Yasaka by virtue of the fact that the vessel sailed with the cargo, thereby ratifying the bills of lading issued by CSAV, whether authorized or unauthorized. CSAV and Wendel also assert that this Court has jurisdiction over the Yasaka because of the letter of undertaking issued by the owner and the protection and indemnity underwriters.

It is CSAV's and Wendel's position that GWF was not a charterer and never issued bills of lading on the relevant voyage. Thus, the relationship, or lack thereof, between Yashiro and GWF is purportedly irrelevant. Rather, the important fact they allege is that the captain issued a letter of authorization for SAAM to issue bills of lading on his behalf, and SAAM acted on behalf of CSAV and not GWF in issuing the bills of lading. Since GWF did not issue bills of lading, conclude CSAV and Wendel, moving defendants' argument that they did not authorize GWF to issue such bills is unavailing.

### 5. Factual Questions

■ Having recapitulated the positions of the various parties, the issues of fact stand in stark relief. The primary basis for defendants' summary judgment motion is that Frupac failed to state a valid claim against defendants because the governing GWF bills of lading were unauthorized. This Court, however, finds that there are questions of fact concerning whether or not the GWF bills of lading were authorized, and whether or not they were even governing. Whether or not this Court has in personam jurisdiction over Yashiro and whether or not the Yasaka can be liable in rem depend, in part, on these factual determinations. If the bills of lading were authorized then this Court may have in personam jurisdiction over Yashiro due to the forum selection clause, and the Yasaka may be liable in rem for cargo carried under an authorized bill of lading.

■ There is an additional question of fact that exists concerning whether, if the GWF bills of lading were unauthorized, Yasaka ratified them. Yasaka does not dispute that this Court has in rem jurisdiction. Rather, it asserts that Frupac has failed to state a claim upon which relief can be granted because no basis exists to impose in rem liabili-

ty on the Yasaka due to the fact that the vessel did not ratify the unauthorized GWF bills of lading. If the bills of lading were issued by a charterer, then moving defendants' motion to dismiss the action as to the Yasaka must be denied.

 Another question of fact exists regarding whether SAAM signed the GWF bills of lading on behalf of CSAV instead of GWF. CSAV itself extends this argument. Whether the bills of lading issued by SAAM, although on the GWF bill of lading form, were issued on behalf of CSAV and with the captain's authorization, is a question of fact. There exists a separate issue of fact concerning whether, if SAAM issued bills of lading on behalf of CSAV on a GWF bill of lading form, it did so intentionally or accidentally. An additional factual question exists concerning whether bills of lading were signed on behalf of both CSAV and GWF, and if so, whether the CSAV or GWF one governs the kiwi shipment.

In sum, there are questions of fact concerning, *inter alia*, whether a GWF or a CSAV bill of lading governed the shipment of kiwi fruit, the extent of SAAM's authorization to issue bills of lading, whether unauthorized bills of lading were issued, and the capacity in which CSAV acted when it issued pertinent bills of lading. Without the answers to these questions, this Court cannot conclude, as a matter of law, that plaintiff has failed to state a claim upon which relief can be granted against either Yashiro or the Yasaka, nor can it conclude that it does not have *in personam* jurisdiction over Yashiro.

### C. *Service of Process*

 In their submissions to the Court, moving parties devote only one page to the argument that this Court should dismiss the complaint, as against Yashiro, for insufficiency of service of process. They assert that Japan has not authorized the use of registered mail as an effective mode of service of process. Plaintiff, Nichiro, CSAV, and Wendel, in their papers, do not dispute moving defendants' contention. This Court finds, however, that plaintiff provided actual notice to defendant Yashiro and that Yashiro was not prejudiced by plaintiff's method of ser-

vice. In the circumstances of this case, this Court finds that plaintiff's method of service, in light of the fact that actual notice was provided, is not fatal to this action.

### D. *Sanctions*

Plaintiff contends that the instant motion is premature, frivolous and improper and seeks the imposition of sanctions. This Court declines to impose sanctions at this time.

### CONCLUSION

For the reasons stated above, defendant Yashiro's and defendant Yasaka's motion to dismiss this action for failure to state a claim, for lack of *in personam* jurisdiction, and for insufficient service of process is denied. The parties are advised to appear in Courtroom 1106 for a pre-trial status conference at 2:00 p.m. on February 17, 1995.

**SO ORDERED.**