104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Syed S.A. JAFRI, Plaintiff-Appellant,
v.
Arthur LEVITT, Jr., Chairman, United States Securities and
Exchange Commission, Defendant-Appellee.
 No. 96-6088.
 United States Court of Appeals, Second Circuit.
 Nov. 1, 1996.
 
 1
 Syed S.A. Jafri, pro se.
 
 
 2
 Daniel S. Alter, Ass't U.S. Att'y, S.D.N.Y., New York, NY.
 
 
 3
 Before MESKILL, McLAUGHLIN, Circuit Judges, and BLOCK,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 6
 Syer S.A. Jafri applied for a position as a Securities Compliance Examiner with the United States Securities and Exchange Commission ("SEC"). However, the competitive "vacancy announcement" issued by the SEC, and under which Jafri submitted his application, was subsequently designated "invalid" because the SEC failed to follow necessary formal hiring procedures. The SEC then issued a second, valid vacancy announcement, and accepted new applications. The SEC did not inform Jafri that his initial application was void because it was submitted under an invalid vacancy announcement; nor did the SEC transfer Jafri's application to the file associated with the second, valid vacancy announcement.
 
 
 7
 When Jafri eventually complained to the SEC--after the period for accepting applications under the second vacancy announcement had expired--he was finally told that his application was void because it was submitted under an invalid vacancy announcement. Nonetheless, the SEC agreed to interview Jafri for the position under a third, valid vacancy announcement. The interview was conducted in part by SEC Associate Regional Administrator Edwin Nordlinger, who had the final say in the selection of Securities Compliance Examiners in the New York Office. Jafri was not hired.
 
 
 8
 After various and lengthy administrative proceedings, Jafri filed an action in the United States District Court for the Southern District of New York (Lewis A. Kaplan, Judge ), alleging that the SEC discriminated against him because of his age (fifty-one), national origin (Pakistani), and religion (Muslim), in violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. §§ 621-34, and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17.
 
 
 9
 The SEC answered the complaint, and moved for summary judgment. The district court referred the matter to Magistrate Judge Naomi Reice Buchwald, who recommended that the court grant the SEC's motion for summary judgment. The district court adopted that recommendation, and dismissed Jafri's complaint. Jafri now appeals, arguing that the district court improperly granted summary judgment.
 
 
 10
 We review a grant of summary judgment de novo. Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc., 967 F.2d 742, 746 (2d Cir.1992). "Summary judgment is proper only if, viewing all evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact." Buttry v. General Signal Corp., 68 F.3d 1488, 1492 (2d Cir.1995); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 11
 In actions under Title VII and the ADEA, the plaintiff bears the burden of showing a prima facie case of discrimination. See Saint Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747 (1993) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)) (Title VII); Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir.1991) (ADEA). "Once the plaintiff has established a prima facie case, the employer must proffer a legitimate, non-discriminatory business rationale for its actions." Viola v. Philips Medical Sys. of N. Am., 42 F.3d 712, 716 (2d Cir.1994); see also Woroski v. Nashua Corp., 31 F.3d 105, 108 (2d Cir.1994). Upon such a showing, the burden shifts back to the plaintiff to prove that the allegedly neutral reason given was a pretext for discrimination. See McDonnell Douglas, 411 U.S. at 802-04; see also Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir.1994). To do this, the plaintiff must show that: (1) the defendant's stated rationale for discharge is false or incredible; and (2) it is more likely than not that the discharge was motivated by discriminatory animus. Woroski, 31 F.3d at 108-09 (citing St. Mary's Honor Ctr., 113 S.Ct. at 2752).
 
 
 12
 In an effort to defeat a defendant's motion for summary judgment, the plaintiff must put forth "concrete evidence." Dister v. Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir.1988).
 
 
 13
 [S]ome evidence is not sufficient to withstand a properly supported motion for summary judgment; a plaintiff opposing such a motion must produce sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not [discrimination] was the real reason for the discharge.
 
 
 14
 Woroski, 31 F.3d at 109-10 (emphasis in original).
 
 
 15
 We assume, without deciding, that Jafri has established a prima facie case. But, the SEC has asserted several legitimate, non-discriminatory reasons for not hiring Jafri as a Securities Compliance Examiner. First, the SEC explained that Jafri was not originally considered for a position because his application was void (even though this was the fault of the SEC). And, when Jafri was considered, he proved to be poorly qualified. Specifically, Jafri: (1) had no experience in and inadequate knowledge of the securities industry; (2) had an erratic employment history, including several jobs of short duration, and several from which he had been dismissed; and (3) exhibited poor communication skills during his employment interview.
 
 
 16
 Thus, to defeat the SEC's motion for summary judgment, Jafri "must show that there is a material issue of fact as to whether (1) [the SEC's] asserted reason for [not hiring him] is false or unworthy of belief and (2) more likely than not [discrimination] was the real reason for the [employment decision]." Woroski, 31 F.3d at 108-09 (emphasis in original) (citing St. Mary's Honor Ctr., 113 S.Ct. at 2572); see also Viola, 42 F.3d at 716. This he has failed to do.
 
 
 17
 Jafri has simply submitted no evidence that his age, national origin, or religion was at all a factor in the SEC's initial failure to notify him that his application was void, or its eventual decision not to hire him. Indeed, Jafri admitted in his deposition that: (1) no SEC official ever commented on his age, national origin, or religion; and (2) he has no experience in or specific knowledge of the securities industry. While Jafri rampantly speculates that discriminatory animus has consistently fueled the SEC's actions, "such conclusory allegations ... are insufficient" to defeat a motion for summary judgment. Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.), cert. denied, 474 U.S. 829 (1985).
 
 
 18
 We have considered all of the arguments raised by Jafri. Like the several discrimination suits he has filed before, see Jafri v. Park Lane Hotel, Inc., No. 93 Civ. 3947, 1994 WL 514539 (S.D.N.Y. Sept. 21, 1994) (dismissing complaint), aff'd, 62 F.3d 1412 (2d Cir.1995); Jafri v. Brady, No. 91 Civ. 3877 (S.D.N.Y. Jan. 28, 1994) (dismissing complaint), appeal dismissed, No. 94-6318 (2d Cir. Mar. 2, 1995); Jafri v. Doral Hotels, No. 90 Civ. 3336 (S.D.N.Y. Sept. 10, 1992) (dismissing complaint); Jafri v. Mayfair Regent Hotel, No. 91 Civ.1904 (S.D.N.Y. Nov. 14, 1991) (dismissing complaint), we find Jafri's case without merit.
 
 
 19
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Frederic Block, of the United States District Court for the Eastern District of New York, sitting by designation