Joseph **FIRGELESKI**, Jr., Plaintiff,

v.

**HUBBELL, INC.**, Defendant.

No. 3–97–CV–1180 (WWE).

United States District Court, D. Connecticut.

Aug. 16, 1999.

John T. Bochanis, Thomas J. Weihing, Daly, Weihing & Bochanis, Bridgeport, CT, for Plaintiff.

Diane K. Rembleske, Francis P. Alvarez, Maureen Ann Bresnan, Jackson, Lewis, Schnitzler & Krupman, Stamford, CT, Taso C. Paindiris, Jackson, Lewis, Schnitzler & Krupman, Hartford, CT, for Defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

In a one count complaint, plaintiff, Joseph Firgeleski, alleges that defendant, Hubbell, Inc., violated the Age Discrimination in Employment Act ("ADEA").

The defendant has moved for summary judgment as a matter of law. For the following reasons, defendant's motion will be granted.

### Background

Plaintiff and defendant have both submitted statements of facts in compliance with Local Rule 9(c) and have attached evidentiary materials, including exhibits and affidavits. These submissions reveal the following undisputed facts.

Hubbell manufactures and sells electrical products. Prior to 1996, Hubbell had a facility in Bridgeport, Connecticut, that manufactured wiring devices, and a facility in Newtown, Connecticut, that housed its plastics division.

Firgeleski began working at Hubbell's Bridgeport facility in the stockroom. During the course of his employment, Firgeleski worked at several different positions within the Bridgeport facility.

In 1992, Firgeleski became a Master Scheduler in the Purchasing Department. The Master Scheduler was a salaried, labor grade 29E (exempt) position. Firgeleski was responsible for scheduling the arrival of materials needed for manufacturing. He reported to Joseph Costa, who was then Hubbell's Manager of Purchasing of the Wiring Device Division.

In 1994, Hubbell's manufacturing in Bridgeport was being moved to other Hubbell facilities, including one facility in Puerto Rico. Accordingly, less materials came into the Bridgeport facility and less scheduling work was necessary. Hubbell ultimately decided to close the Bridgeport facility.

On February 15, 1996, Costa informed Firgeleski that he was being discharged because his position had been eliminated. Firgeleski then met with both Costa and Robert Dellapina, Hubbell's Vice President of Human Resources. Firgeleski avers that he requested to be transferred to another facility, which request was rejected.

By the time production at the Bridgeport facility ceased in June, 1996, the positions of more than 200 employees had been terminated. At least two former salaried employees and three manufacturing employees from the Bridgeport facility found jobs at the Newtown facility.

In October, 1996, more than eight months after Firgeleski's termination, Hubbell posted a Production Planner position in Newtown. The Production Planner was a labor grade 7NE (non-exempt) and did not include all of the job duties listed

for the Master Scheduler position. Production Planners had existed at the Bridgeport facility during the time that Firgeleski was a Master Scheduler.

Hubbell filled the posted Production Planner position with two long-term employees of the Newtown facility who were both under the age of forty.

## Discussion

### A. Standard of Review

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

### B. Age Discrimination

Firgeleski's claim of disparate treatment in violation of the ADEA is based largely on (1) Hubbell's posting for the Production Planner position subsequent to his termination, and (2) the selection of two individuals under the age of 40 for that position.

The Court must analyze this disparate treatment claim according to the burden shifting process established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). It is well settled that to establish a prima facie claim of discrimination, the plaintiff must demonstrate that (1) he belongs to a protected class; (2) he was performing his or her duties satisfactorily; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Although the plaintiff's initial burden is not onerous, he must show that his termination was not made for legitimate reasons. *Thomas v. St. Francis Hospital and Medical Center*, 990 F.Supp. 81, 86 (D.Conn.1998).

If the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action. The plaintiff must then prove by a preponderance of the evidence that the supposed legitimate reason is actually a pretext for discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

An employer's reason for termination cannot be proved to be a pretext for discrimination unless it is shown to be false and that discrimination was the real reason. *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir.1995). An employee's subjective belief that he was discriminated against is insufficient to support a discrimination claim. *See Fisher v. Vassar College*, 114 F.3d 1332, 1335–1336 (2d Cir. 1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998).

Even assuming, *arguendo*, that plaintiff has established a prima facie case that raises the inference of age discrimination, plaintiff's claim will not succeed. Hubbell proffers that it discharged Firgeleski because it closed its Bridgeport facility, which is a legitimate, non-discriminatory business reason.

Plaintiff asserts that the circumstances of his termination suggest that defendant's proffered reason is pretextual. His argument relies primarily upon the holding of *Taggart v. Time, Inc.*, 924 F.2d 43 (2d Cir.1991). However, *Taggart* is factually distinct from this case.

In *Taggart*, the defendant employer terminated employees of a subsidiary that it planned to dissolve. The employer informed the terminated employees that they would be given special consideration for other available positions within the corporation. Plaintiff, whose position had been terminated, was rejected for the thirty-two positions for which he had applied. The employer claimed that he had been rejected because he was overqualified for these positions. The Court held that the employer's proffered reason of plaintiff's overqualifications represented a potential pretext for age discrimination.

Here, Firgeleski does not claim that he applied and was rejected from the Production Planner position. Nor has Hubbell proffered that Firgeleski would have been overqualified for the Production Planner position. Instead, Firgeleski alleges that the posting of the Newtown Production Planner position eight months after his termination indicates that his position was not terminated. However, the fact that Hubbell posted an opening for a different job at its Newtown facility eight months after Firgeleski's termination and filled that position with two long-term employees of that facility does not constitute circumstances from which a reasonable juror could find that Hubbell's proffered reason was pretextual and unworthy of credence.

Since Firgeleski has adduced no evidence to demonstrate that age was the reason for his termination, his age discrimination claim will be dismissed.

### Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment [doc. # 40] is GRANTED. The clerk is instructed to close this case.

SO ORDERED.