In re Vladimir BAUMBLIT, Debtor.

Desert Palace, Inc., d/b/a Caesars Palace, Appellant,

v.

Vladimir Baumblit, Appellee.

No. 99-CV-1829.

United States District Court, E.D. New York.

Aug. 9, 2000.

Scott L. Esbin, Esbin & Brosnan, LLP, New City, NY, for Plaintiff–Appellant.

Bruce Weiner, Carlos Cuevas, Rosenberg, Musso & Weiner, Brooklyn, NY, for Defendant–Appellee.

## ORDER

GERSHON, District Judge.

Plaintiff–Appellant Desert Palace, Inc., d/b/a Caesars Palace ("Caesars") appeals from the January 20, 1999 decision of United States Bankruptcy Judge Laura Taylor Swain, (*In re Baumblit,* 229 B.R. 50 (Bkrtcy.E.D.N.Y.1999)), granting the motion of Defendant-Appellee Vladimir Baumblit for summary judgment and denying Caesars' cross-motion for summary judgment on Caesars' claim that Mr. Baumblit's debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Caesars also appeals from the portion of Judge Swain's decision awarding Mr. Baumblit attorneys' fees and costs pursuant to 11 U.S.C. § 523(d) and imposing sanctions under Fed. R. Bankr. P. 9011.

■ I review Judge Swain's decision on the cross-motions for summary judgment *de novo. See In re Omni Mut., Inc.,* 193 B.R. 678, 680 (S.D.N.Y.1996) (district court reviews bankruptcy court's denial of summary judgment *de novo* and, thus, applies the same legal standards as the bankruptcy court); *see also Taggart v. Time, Inc.,* 924 F.2d 43, 45-46 (2d Cir.1991) (in reviewing grant of summary judgment, appellate court applies same standard as lower court, deciding *de novo* whether genuine issue of material fact exists and whether moving party is entitled to judgment as a matter of law). Based on that review, I agree with Judge Swain, for the reasons stated in her comprehensive and well-reasoned opinion, that the undisputed facts entitle Mr. Baumblit to summary judgment on the issue of whether his gambling debt is nondischargeable under Section 523(a)(2)(A).

■ The parties agree that I review the award of attorneys' fees and costs and the imposition of sanctions for abuse of discretion. Judge Swain awarded Mr. Baumblit his attorneys' fees and costs both under 11 U.S.C. § 523(d) and as sanctions under Fed. R. Bankr. P. 9011. Addressing the latter provision first, I find that Mr. Baumblit's motion for sanctions did not comply with the procedural requirements of Fed. R. Bankr. P. 9011 and, thus, that the bankruptcy court's decision to impose sanctions under that Rule was an abuse of discretion. Rule 9011, which is modeled after Fed. R. Civ. P. 11, requires a motion for sanctions to be made "separately from other motions." Fed. R. Bankr. P. 9011(c)(1)(A). Here, Mr. Baumblit did not make a separate motion for sanctions but, rather, simply incorporated his request into his opposition to Caesars' motion for summary judgment. Because Mr. Baumblit failed to comply with the separate notice provisions of Rule 9011, it was an abuse of discretion for the bankruptcy court to impose sanctions. *See L.B. Foster Co. v. America Piles, Inc.,* 138 F.3d 81, 89-90 (2d Cir.1998) (district court abused its discretion by imposing sanctions under Fed. R. Civ. P. 11 where request for sanctions was included in letter requesting other relief); *Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1328 (2d Cir.1995) (reversing district court's imposition of sanctions under Fed. R. Civ. P. 11 where request for sanctions was not separate from other requests for relief). *See also In re Covino,* 241 B.R. 673, 680 (Bankr.D.Idaho 1999) (denying motion for sanctions under Fed. R. Bankr. P. 9011 where it was coupled with another motion).

■ Nor can the award of attorneys' fees and costs be sustained under 11 U.S.C. § 523(d). Although Section 523(d) does not appear to require that a request for attorneys' fees and costs be made by separate motion, it authorizes a bankruptcy court to award fees and costs only where it finds that the creditor's position on the dischargeability of a debt is "not substantially justified." Considering the novel facts presented in this case and the absence of legal authority directly rejecting the novel legal position presented by Caesars, I cannot agree that Caesars was not substantially justified in arguing that a debt should not be discharged where the debtor intends to repay the money with misappropriated funds. Although Judge

444

Swain faulted Caesars for not discovering that Mr. Baumblit intended to repay his gambling debt, this fact is not determinative of Caesars' argument that an intent to repay *from an unlawful source* should preclude the discharge of a debt. Therefore, the award of fees and costs must be reversed.

■ Based on this same reasoning, it is unnecessary for me to remand the case in order to give Mr. Baumblit an opportunity to bring a motion for sanctions that complies with the procedural requirements of Rule 9011. Even assuming Mr. Baumblit were to properly bring his request for sanctions as a separate motion, it would be an abuse of discretion to find that Caesars' argument was not warranted "by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Bankr. P. 9011(b)(2). As a result, remand would be futile.

Thus, for the above reasons, the portion of the bankruptcy court's decision granting Mr. Baumblit's motion for summary judgment and denying Caesars' cross-motion, is hereby affirmed. The bankruptcy court's award of attorneys' fees and costs and the imposition of sanctions is hereby reversed. Because Caesars' appeal was not frivolous, Mr. Baumblit's request for a hearing to determine whether he should be awarded damages pursuant to Fed. R. Bankr. P. 8020 is hereby denied.

**SO ORDERED.**