**Emanuel DIAZ, Plaintiff–Appellant,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, Defendant–Appellee.**

No. 03–9240.

United States Court of Appeals, Second Circuit.

May 25, 2004.

Emanual Diaz, Bronx, NY, for Plaintiff–Appellant, pro se.

Joyce Rachel Ellman, Assistant General Counsel, New York City Transit Authority, Brooklyn, NY, for Defendant–Appellee.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. CHESTER J.

STRAUB, and Hon. DONALD P. LAY,[*] Circuit Judges.

### SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby VACATED and the case REMANDED.

Plaintiff–Appellant Emanuel Diaz appeals from the judgment of the United States District Court for the Southern District of New York (George Daniels, *Judge*), granting Defendant–Appellee New York City Transit Authority's ("NYCTA") motion for summary judgment. Diaz filed a complaint, *pro se*, on September 8, 1999, alleging that NYCTA did not hire him on the basis of his age and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.* Diaz describes himself as a black Puerto Rican male, and he was 48 at the time he applied for a job at NYCTA. We assume familiarity with the underlying facts and the procedural history of this case.

"Because we are reviewing a dismissal of the complaint at the summary judgment stage, we view the facts in the light most favorable to plaintiff and resolve all factual disputes in plaintiff's favor." *Mandell v. County of Suffolk*, 316 F.3d 368, 374 (2d Cir.2003). To establish a *prima facie* case of age or race discrimination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff must show that he or she: "(1) is a member of a protected class; (2) was qualified for the position at issue; (3) was denied the position; and (4) that the circumstances of the adverse employment decision give rise to an inference of discrimination." *Mandell*, 316 F.3d at 377. There is no dispute that Diaz meets the first three prongs. The fourth prong can be established by showing that the position was filled by someone outside the protected class, *see James v. New York Racing Ass'n*, 233 F.3d 149, 153–154 (2d Cir.2000); *Taggart v. Time Inc.*, 924 F.2d 43, 46 (2d Cir.1991), and Diaz has established that NYCTA hired two younger, Caucasian men for the position he was seeking— Associate Engineering Technician ("AET"). "We have characterized the evidence necessary to satisfy this initial burden as 'minimal' and *'de minimis.'*" *Zimmermann v. Associates First Capital Corp.*, 251 F.3d 376, 381 (2d Cir.2001). Therefore, Diaz has established a *prima facie* case for both age and race discrimination.[**]

---

[*] The Honorable Donald P. Lay, Senior Circuit Court Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

[**] NYCTA attempts to avoid a finding that Diaz established a *prima facie* case by pointing to the fact that it also hired between the fall of 1996 and May 1997 two Asian applicants, one Hispanic applicant, and two African–American applicants. However, of these five individuals, four were hired for a different, higher level position—Assistant Electrical Engineer. Kennis Baptise, a younger African–American man, was the only other applicant who was hired for an AET position besides Salvatore Giannola and Ilya Kipnis, the younger Caucasian men who were hired in the fall of 1996. However, Baptiste was not hired until April 1997, well after Diaz filed his complaint against NYCTA with the Equal Employment Opportunity Commission ("EEOC"), alleging age and race discrimination. In any event, the fact that Baptiste was hired has no bearing on Diaz's age discrimination claim—Baptiste is younger than Diaz—and also does not defeat Diaz's *prima facie* case of race discrimination, *see Graham v. Long Island R.R.*, 230 F.3d 34, 43 (2d Cir.2000) ("Since Title VII's principal focus is on protecting individuals, rather than a protected class as a whole, an employer may not escape liability for discrim-

Once Diaz has established a *prima facie* case, the burden shifts to NYCTA to " 'produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.' " *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). NYCTA met its burden at this stage. In support of its summary judgment motion, NYCTA filed a declaration of Stanley Karoly, who interviewed Diaz and made the final decision not to hire him. Karoly says that Diaz was not hired because: (1) he had "difficulty explaining his electrical experience" during his interview; (2) "[h]is oral responses were unfocused, not specific, and hard to follow;" (3) he indicated that he lacked experience with design and the national electrical code; and (4) he said that his experience in the military was as a "paperwork supervisor." Karoly says that he concluded that Diaz "would not be the productive choice for employment in the Division."

Once the employer produces sufficient evidence to support a nondiscriminatory explanation for its decision, the plaintiff "must be afforded the 'opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.' " *Reeves*, 530 U.S. at 143 (quoting *Burdine*, 450 U.S. at 253). "That is, the plaintiff may attempt to establish that he was the victim of intentional discrimination 'by showing that the employer's proffered explanation is unworthy of credence.' " *Id.* (quoting *Burdine*, 450 U.S. at 256). "[A] plaintiff's *prima facie* case, combined with

sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 148.

In this case, Diaz has presented sufficient evidence to create a material issue of fact regarding whether NYCTA's asserted reasons for rejecting him are pretextual. First, although Karoly's declaration says that Diaz's oral responses during his interview were "unfocused, not specific, and hard to follow," Karoly's notes from the interview stated that Diaz "[c]learly communicates, but is a nervous speaker." Karoly says in his reply declaration that Kipnis and Giannola, the younger Caucasian men who were hired for the AET positions, "exhibited a good understanding of Electrical Engineering" during their interviews. Karoly does not elaborate and there are no notes from the interviews of Kipnis and Giannola in the record.

Second, Karoly asserts in his declaration that Diaz indicated during his interview that he lacked experience with design and the national electrical code, and his experience in the military was as a paperwork supervisor. Diaz disputes this, asserting that he gained experience with design and the national electrical code through his work as a junior field engineer from 1968 to 1972 at Tishman Realty & Construction. Diaz also denies that his work for the Air Force from 1972 to 1988 was as a "paperwork supervisor." In addition, there is no indication that Kipnis and Giannola had experience with design and the national electrical code. Diaz, Kipnis, and Giannola all gained experience through the same internship with NYCTA. The resumes of Kipnis and Giannola indicate that their other work experience was as a sales assistant or office aide.

inating against a given employee on the basis of race simply because it can prove it treated

other members of the employee's group favorably.").

Third, Diaz claims that when he interviewed with Gamal Rizkalla in November 1996, Rizkalla told him that he would have no trouble getting the job. Rizkalla denies saying this and asserts that he was not impressed with Diaz's technical knowledge. Diaz asserts also that he worked with Rizkalla when he was an intern at NYCTA, and Rizkalla had been impressed with his work. Rizkalla makes no mention of having any contact with Diaz other than the November 1996 interview.

Fourth, Diaz received an excellent evaluation at the end of his internship with NYCTA in December 1995. The evaluation noted that Diaz "helped us in laying out design" and "would be very valuable" to the NYCTA. The overall rating of Diaz's work was "outstanding." There are no evaluations in the record relating to the performance of Kipnis and Gianolla during their internships. Finally, at the time Kipnis and Gianolla applied for the position of Associate Engineering Technicians, they did not meet the education requirement for the job—as neither of them had yet obtained their degrees. (It appears that they got their degrees right before beginning work for NYCTA in January 1997, and thus it is likely that they were hired before they graduated).

For these reasons, among others, we find that Diaz has raised a material issue of fact regarding whether NYCTA's asserted reasons for rejecting Diaz were the real reasons. Although a *prima facie* case combined with sufficient evidence to find that the employer's asserted justification is false will not always be enough to survive an employer's motion for summary judgment, *see Zimmermann*, 251 F.3d at 381, in this case, after closely examining the evidence, we conclude that summary judgement should not have been granted to NYCTA.

For the reasons set forth above, the judgment of the District Court is hereby VACATED and the case REMANDED for trial.