FILED



**NOT FOR PUBLICATION**

JUN 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALVIN PHILLIPS, | No. 13-16923 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00384-LEK-RLP |
| v. | |
| RAY MABUS, sued in his official capacity as the Secretary of the Navy, Department of the Navy, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 8, 2015[**]
Honolulu, Hawaii

Before: WARDLAW, BERZON, and OWENS, Circuit Judges.

Calvin Phillips appeals the district court's grant of summary judgment in

favor of Ray Mabus, sued in his official capacity as Secretary of the Navy and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

referred to herein as "the Navy," on Phillips's claims for race, sex, age, and disability discrimination, and unlawful retaliation, brought under Title VII, 42 U.S.C. §§ 2000e-2, 2000e-3, the Age Discrimination in Employment Act, 29 U.S.C. § 623, and the Rehabilitation Act, 29 U.S.C. § 791. We have jurisdiction under 28 U.S.C. § 1291, we review the grant of summary judgment de novo, *Coons v. Sec'y of the U.S. Dep't of the Treasury*, 383 F.3d 879, 884 (9th Cir. 2004), and we affirm.

**1.** Phillips has failed to make out a prima facie case for unlawful retaliation. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Although the Navy chose to hire Felicia Williams instead of Phillips "on the heels" of his January 21, 2011 email complaining of mistreatment in his interview, *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002), the email was not a protected activity. Phillips admitted in the district court that he had no reasonable basis to believe that he had been subjected to age, race, sex, or disability discrimination when he drafted the January 21 email, so he could not have reasonably perceived that the email complained of conduct made illegal under Title VII. *See Brooks*, 229 F.3d at 928.

Phillips further argues that the Navy's February 3, 2011 decision to reduce the number of available positions was unlawful retaliation for his January 25, 2011

official communication to an EEO officer.  The district court held that this alleged retaliation was beyond the scope of the case because Phillips had failed to raise it in his complaint.  As Phillips did not contest that ruling in his opening brief, he has waived any challenge to it.  *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 n.7 (9th Cir. 1999).

**2.** As to allegations of unlawful race, sex, age, or disability discrimination, Phillips has failed to raise a genuine dispute of material fact as to whether the Navy's purported nondiscriminatory basis for failing to hire him was a mere pretext for discrimination.  *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000).

The Navy's judgment that Phillips was overqualified for the position was not a euphemism to mask age discrimination, because the overqualified label had "objective content."  *EEOC v. Ins. Co. of N. Am.*, 49 F.3d 1418, 1420-21 (9th Cir. 1995).  Phillips's resolute belief that he was already an expert suggested to the interviewers that he would not be receptive to the training they believed he needed, and his superior management experience suggested that he was not a fit for the lower-level, data-entry position with few opportunities for promotion.

None of Phillips's remaining evidence raises an inference that the Navy's reasoning was pretextual.  First, the evidence that Phillips had greater experience

than Williams is consistent with the Navy's decision to hire someone with lesser, more applicable experience and a greater willingness to learn.  Second, Phillips presents no evidence from which a reasonable trier of fact could conclude that the Navy's decision to interview Williams, a compensable veteran, rather than candidates with higher experience scores who were not compensable veterans, contravened established policy or was otherwise discriminatory.  Third, evidence that Navy employees belittled or criticized Phillips and tried to discourage his interest in the position is not evidence of discrimination, because there is no connection between the alleged acrimony and a protected ground.  *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (explaining that Title VII is not "a general civility code").  And finally, evidence that the department that rejected Phillips regularly hires candidates who are not white men is of little to no probative value given the small sample size and the lack of information about the applicant pool from which they were chosen.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1283 (9th Cir. 2000); *see also Obrey v. Johnson*, 400 F.3d 691, 697 (9th Cir. 2005).

Because Phillips raises no genuine dispute of material fact, summary judgment was properly granted.

**AFFIRMED**.

13-16923